## BOEHM v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. July 19, 1924. Order Affirmed on Rehearing June 3, 1925.)

No. 3372.

1. **Obstructing justice** ⊜⟹11 — **Indictment for resisting officer in execution of search warrant need not set out warrant in full.**

An indictment charging defendant with resisting an officer in execution of a search warrant need not set out the search warrant in full, but warrant should be pleaded sufficiently to inform defendant of the nature of the charge, and protect him from being again put in jeopardy on it.

2. **Obstructing justice** ⊜⟹11—**Indictment for resisting officer in execution of search warrant not insufficient, because not charging that warrant was "duly issued."**

An indictment charging defendant with resisting an officer in execution of a search warrant *held* not insufficient, in view of Rev. St. § 1025 (Comp. St. § 1691), in that, in stating its substance, it was not charged that warrant was "duly issued."

3. **Intoxicating liquors** ⊜⟹248 — **Affidavit held sufficient to authorize issuance of search warrant to search premises for intoxicating liquor.**

Affidavit stating positively that there was located on premises used for a soft drink parlor and grocery store illicit distilling apparatus, etc., in which intoxicating liquor was kept and stored, *held* sufficient to authorize issuance of search warrant to search such premises.

4. **Intoxicating liquors** ⊜⟹249 — **Search warrant may be issued to federal prohibition agents; "officers."**

Federal prohibition agents are "officers," to whom a search warrant may lawfully be issued.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Officer.]

In Error to the District Court of the United States for the Eastern District of Illinois.

Louisa Boehm was convicted for obstructing an officer in serving a search warrant, and she brings error. Affirmed.

Plaintiff in error was convicted and sentenced to 30 days' imprisonment and to pay a $300 fine under the first count of an indictment charging that she did willfully, etc., "obstruct and resist and oppose Oscar Granay in serving a search warrant" issued by a United States commissioner for the district; Granay being then and there duly appointed and qualified and acting officer of the Internal Revenue Department of the United States, duly employed as a federal prohibition agent and assigned to the district. The

6 F.(2d)—32

search warrant introduced in evidence was directed to "C. W. Vursell, Group Chief of Federal Prohibition Enforcement Officers, or his deputies or any or either of them," and recited:

"Whereas, C. W. Vursell has this day made oath before me (United States commissioner) alleging that in certain premises in the possession of Louisa Boehm and Joe Boehm, said premises being located in the county of St. Clair, in the state of Illinois, * * * there is located certain illicit stills or distilling apparatus, designed and intended to be used, or which has been used, for distilling intoxicating liquor, coils, unions, condensers, mash intended to be used, or fit for, distilling intoxicating liquor, and certain vessels and utensils in which intoxicating liquor is kept and stored."

"And the undersigned, United States commissioner being satisfied there is probable cause to believe, from the facts set forth in said affidavit that the National Prohibition Act is being violated at said premises, hereby commands you * * * to enter the said premises * * * and there diligently to search," etc.

The evidence showed that, when Granay and others with him came to the premises with the search warrant, plaintiff in error took from a chest there a revolver and pointed it at them, demanding that they desist, and kept it in her hand in threatening manner while they remained on the premises. It was testified that the revolver was loaded and cocked, and other evidence denied this. The property described in the search warrant was not found, and nothing was taken from the premises. Upon a count charging assault upon officers serving the distress warrant she was acquitted. Demurrer to the indictment was overruled.

Charles A. Karch, of East St. Louis, Ill., for plaintiff in error.

L. V. Walcott, of East St. Louis, Ill., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above). [1, 2]. The indictment is attacked on the ground that in it the search warrant itself is not set forth, and that in stating its substance it is not charged that it was "duly" issued, or that in substance. Such an indictment does not need to set out in full the search warrant. Blake v. United States, 71 F. 286, 18 C. C. A. 117; Dovel v. United States (7 C. C. A. June

18, 1924) 299 F. 948. But it should be pleaded sufficiently to inform the defendant of the nature of the charge, and protect him from being again put in jeopardy upon it. We believe the case falls fairly within the purview of section 1025, Rev. Stats. (Comp. St. § 1691):

"No indictment found and presented by a grand jury in any District or Circuit or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant."

While the inclusion of the word "duly" in this connection would not have subjected the draftsman to the criticism of undue prolixity, we do not regard its omission as fatal to the pleading.

[3] It is contended that the affidavit on which the search warrant was issued, as it is recited in the search warrant itself which was offered in evidence, does not make such showing as authorized the issuance of the warrant, and that the case in this respect falls under the rule as stated by this court in Veeder v. United States, 252 F. 414, 164 C. C. A. 338. It was there held that, where affidavits do not describe the offenses in the commission of which the property to be seized was employed, nor show the relation of the property to any offense with sufficient particularity to enable an issuing magistrate to draw therefrom the necessary legal conclusion which would authorize the issuance of the warrant, the warrant issued thereon is void.

Here the warrant recites an affidavit which states positively that there is located, on the premises used for a soft drink parlor and grocery store, illicit distilling apparatus, coils, unions, condensers, mash, vessels, and utensils in which intoxicating liquor is kept and stored. These are positive statements, which we deem sufficiently definite and circumstantial to authorize the commissioner to issue the warrant, and avoid the infirmity which more recently we pointed out in Jozwich v. United States, 288 F. 831.

[4] It is urged that Vursell, the prohibition officer, and his deputies to whom the warrant was directed, were not by law authorized to serve such process. This contention has recently had considerable attention at the hands of various federal courts. In the Dovel Case, supra, we had the question before us in just such a case as the one at bar, and reached the conclusion that

federal prohibition agents were "officers" authorized to serve such warrants.

No reversible error appearing to us, the judgment of the District Court is affirmed.