## BEAL v. UNITED STATES.

### No. 6405.

United States Court of Appeals for the District of Columbia.

Argued May 13, 1935.

Decided June 17, 1935.

Octave Bigoness, of Washington, D. C., for appellant.

Leslie C. Garnett and Irvin Goldstein, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

The appellant, Charles Beal, was indicted in the Supreme Court of the District of Columbia upon a charge of feloniously and unlawfully possessing a certain quantity of distilled spirits, to wit, 51 half gallons of corn whisky, the immediate containers of which distilled spirits did not then and there have affixed thereto stamps denoting the quantity of spirits contained therein and evidencing payment of all internal revenue taxes imposed on such spirits; against the form of the statute in such case made and provided. His plea was not guilty. He was tried to the jury and was found guilty and sentenced. He now prosecutes this appeal.

It appears that prior to the indictment and trial a search warrant was issued authorizing a search of the premises of the defendant; and that a search was made and certain distilled spirits in various containers was found upon the premises and taken into custody under the warrant.

The defendant seasonably filed a motion to quash the search warrant and suppress its use and the use of the whisky seized under it as evidence at the trial, upon the ground that the warrant was issued without probable cause, and upon an affidavit which did not set forth facts sufficient to sustain a finding of probable cause for its allowance.

Upon a hearing of this motion by the court, the following facts appeared: The search warrant was issued by the United States Commissioner for the District of Columbia and recited that before issuing the same he examined officers Deyoe and Bean as witnesses; that officer Deyoe testified, among other things, that he was near the premises of defendant on, to wit, August 13, 1934, and saw an unknown colored man, about twenty years old, 135 pounds, 5 feet 7 inches, dark-brown skin, come from the premises with a sack and a box which resembled those used for carrying whisky; and when the colored man saw the officer he dropped the sack and box and returned to the premises; that upon examination of the same they were found to contain 18 one-half gallon jars of uncolored whisky, the same being nontax paid whisky; that from the examination of the witnesses orally and upon their affidavits the Commissioner certified that there was probable cause to believe that grounds existed for the issuance of a search warrant, whereupon a warrant was issued commanding the officer to enter and search defendant's premises, to take into his possession all alcoholic beverages found there to the end that the same might be dealt with according to law.

The court thereupon overruled defendant's motion to quash the search warrant, and defendant excepted to the ruling of the court, and this exception is the sole assignment of error relied upon by the appellant in this appeal.

Thereupon at the trial of the case the government called Officer Deyoe who testified that he went to the premises of the defendant for the purpose of executing the search warrant previously issued; that he knew where the defendant lived, but did not find him at home at the time of the execution of the warrant. The defendant, however, was arrested five or six days later. The witness stated that he found 51 one-half gallon jars of liquor in a trap in a closet. The whisky was then introduced in evidence and was shown by another witness to be intoxicating liquor of 42.5 per cent. alcohol by volume.

The government rested upon this evidence, and the defendant introduced no testimony, but relied on his exception taken as aforesaid.

We think that the defendant's motion to quash the search warrant and exclude the evidence obtained thereunder was rightly overruled by the trial court. The state-

ment of facts contained in the affidavit upon which the warrant was issued is sufficient to sustain the finding of probable cause made by the Commissioner.

"In determining what is probable cause, we are not called upon to determine whether the offense charged has in fact been committed. We are concerned only with the question whether the affiant had reasonable grounds at the time of his affidavit and the issuance of the warrant for the belief that the law was being violated on the premises to be searched, and if the apparent facts set out in the affidavit are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is probable cause justifying the issuance of a warrant." Dumbra v. United States, 268 U. S. 435, 441, 45 S. Ct. 546, 549, 69 L. Ed. 1032. See, also, Shields v. United States, 58 App. D. C. 215, 218, 26 F.(2d) 993; Shore v. United States, 60 App. D. C. 137, 49 F.(2d) 519; Boehm v. United States (C. C. A.) 6 F.(2d) 497; Maynard v. United States, 57 App. D. C. 314, 23 F.(2d) 141; Steel v. United States, 267 U. S. 498, 500, 45 S. Ct. 414, 69 L. Ed. 757.

We are convinced that the search warrant was lawfully issued and that the ruling of the lower court was correct, thus disposing of the issue presented by the defendant in this appeal.

The testimony in the record justifies the defendant's conviction.

The judgment of the lower court is affirmed.