## HERSON v. UNITED STATES.

### No. 6431.

United States Court of Appeals for the District of Columbia.

Argued Oct. 8, 1935.

Decided Nov. 11, 1935.

H. F. Hawken, of Washington, D. C., for appellant.

Leslie C. Garnett and Irvin Goldstein, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

The appellant, Simon Herson, was indicted in the Supreme Court of the District of Columbia upon a charge of unlawfully possessing within the District a quantity of distilled spirits, to wit, 16¼ gallons of alcohol, the immediate containers of which did not then and there have affixed thereto a stamp or stamps denoting the quantity of distilled spirits contained therein and evidencing payment of all internal revenue taxes imposed on such spirits; contrary to the Liquor Taxing Act of 1934 (48 Stat. 313, § 201 [26 U.S.C.A. § 1152a]).

The defendant pleaded not guilty and the case was tried by consent to the court without a jury. The defendant was found guilty by the court, whereupon the present appeal was taken.

The record discloses that prior to the return of the indictment a search warrant was issued by the United States Commissioner in and for the District of Columbia directed to Officer Deyoe, a member of the Metropolitan Police Department, commanding him to enter and search certain described premises situate within the District and to seize and take into his possession all alcoholic beverages and any other property designed for use in connection with the unlawful manufacture for sale, keeping for sale, or sale, of alcoholic spirits, to the end that the same may be dealt with according to law, and forthwith to make return to the commissioner with written inventory of the property seized. This search warrant was based upon testimony of Officer Deyoe taken by the commissioner, wherein the affiant stated that he believed that alcoholic beverages were being unlawfully manufactured for sale and sold in violation of the statute in the premises of Simon Herson, being described as 3640 Warder Street NW., in the District of Columbia; that the affiant was near said premises on December 10, 1934, and saw a Buick coupé, with license number listed to Molly Herson, pull into a built-in garage on said premises, and the doors of the garage were closed; that ten minutes later the doors of the garage were opened and the Buick car was backed out by one Johnson into the street with no lights, the lights being turned on after starting east; that affiant followed the car to 1st and E Streets NW., where affiant identified himself to Johnson as a member of the police force and asked him to show his driving permit; that Johnson after being questioned admitted that he had none; that affiant searched the car and found one 5-gallon can of "non-tax-paid" alcohol; that said Herson had no license to manufacture or sell alcoholic beverages as provided by act of Congress; that affiant knows that Herson has been and is engaged in the illicit liquor business; and that the alcoholic beverages were manu-

factured for sale, kept for sale, and sold contrary to the provisions of the Beverage Control Act (Act Jan. 24, 1934, 48 Stat. 319). The affidavit filed by Officer Deyoe and a similar affidavit filed by a second member of the police force are contained in the record.

The officer in his return of the writ stated that he had executed the same at the premises of the defendant described therein and had found upon the premises three 5-gallon cans of alcohol and one 5-gallon can of alcohol about one-fourth full, and that the alcohol was found in a closet in the second floor front bedroom and did not have the necessary revenue stamps thereon as required by law. The defendant admitted the ownership of the property thus seized and of the premises where it was found.

Prior to the trial the defendant moved to quash the search warrant and suppress the evidence thereby secured, upon the ground that no probable cause was set forth in the affidavit accompanying the search warrant and at the trial objected to the use in evidence of the search warrant and the liquor seized thereon, upon the ground that there were no sufficient facts disclosed to show probable cause justifying the issuance of the warrant. The court overruled this motion and admitted the exhibits in evidence, to which ruling the defendant objected and excepted. The present appeal is based solely upon this exception.

 We think that the affidavit upon which the search warrant was issued disclosed sufficient facts to justify the issuance of the warrant.

In Dumbra v. United States, 268 U.S. 435, 441, 45 S.Ct. 546, 549, 69 L.Ed. 1032, it is said:

"In determining what is probable cause, we are not called upon to determine whether the offense charged has in fact been committed. We are concerned only with the question whether the affiant had reasonable grounds at the time of his affidavit and the issuance of the warrant for the belief that the law was being violated on the premises to be searched, and if the apparent facts set out in the affidavit are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is probable cause justifying the issuance of a warrant."

In our opinion the issuance of the warrant in the present case was justified by the principles above defined. See, also, Steele v. United States, 267 U.S. 498, 500, 45 S.Ct. 414, 69 L.Ed. 757; Shields v. United States, 58 App.D.C. 215, 26 F.(2d) 993; Shore v. United States, 60 App.D.C. 137, 49 F.(2d) 519; Maynard v. United States, 57 App.D.C. 314, 23 F.(2d) 141; Boehm v. United States (C.C.A.) 6 F.(2d) 497.

We have recently considered this subject in the case of Beal v. United States, —— App.D.C. ——, 79 F.(2d) 135, decided June 17, 1935, in which a search warrant issued under circumstances similar to those involved in the present case was upheld by this court.

The judgment of the lower court accordingly is affirmed.