**WILSON et al. v. SHUMAN.**

No. 12645.

Circuit Court of Appeals, Eighth Circuit.

Jan. 5, 1944.

E. L. McHaney, Jr., of Little Rock, Ark. (Jay M. Rowland, of Hot Springs, Ark., and Grover T. Owens and S. Lasker Ehrman, both of Little Rock, Ark., on the brief), for appellants.

C. Floyd Huff, Jr., of Hot Springs, Ark., for appellee.

Before SANBORN WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This is an appeal from a judgment in favor of the appellee in an action to recover unpaid wages, overtime compensation, liquidated damages, and attorney's fees under section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216 (b). The defendants in the court below were Clyde E. Wilson and Howard A. Shuman, the members of a partnership, engaged under the firm name of the Hot Springs Broadcasting Company in the operation of a radio broadcasting station in Hot Springs, Arkansas. The appellee is the wife of Howard A. Shuman. From a judgment in her favor Wilson and the Hot Springs Broadcasting Company have appealed.

Wilson was engaged in another business in Hot Springs, and gave little time to the business of the partnership. Apparently he furnished the capital with which the enterprise began business. Shuman, as general manager receiving a salary, was in active charge of the affairs of the partnership, with full authority to hire and discharge employees. The partners expected to be able to meet the cost of constructing and equipping the radio station with the profits earned from its operation. Their hopes were never realized. The earnings of the business were not sufficient to meet the obligations of the partnership on the deferred installments for equipment purchased and the expense of operations. At the end of the year 1940 the partnership was in financial difficulties and was in arrears in the payment of wages and salaries to its employees. In an effort to reduce the current expense of operations, Shuman, as general manager of the partnership, employed the appellee in the service of the partnership. Mrs. Shuman was a stenographer and clerical worker with experience in radio operations. She took over the work which was being performed by two clerical employees, who were discharged, and part of the work being done by one of the station's broadcasting operatives, also discharged. Her contract of employment was oral, and, according to her testimony and that of her husband, provided that she was employed at a salary of $20 a week, with the understanding that payment of her salary would be deferred as a matter of accommodation to the partnership. The contract, however, was that she would eventually be paid the wages agreed upon. Under this arrangement Mrs. Shuman, according to her testimony, began work for the partnership on January 1, 1941, and continued until the 14th day of November, 1942. For her services during this time she received only $48.32, which was paid her for approximately the last two and one-half weeks of her employment.

In June, 1942, Wilson brought suit in the State court for dissolution of the partnership and, by order of the court, was placed in charge of the partnership business. At that time Mrs. Shuman had never been paid anything on account of her services. In August of that year she made a demand upon Wilson for payment, which he refused. She continued, however, in the service of the partnership until November 14, 1942, when she was discharged by Wilson.

The case was tried without a jury. The trial judge found that Mrs. Shuman was legally employed by the partnership for the period beginning January 1, 1941, and ending November 14, 1942, at an agreed wage of $20 a week; that in 1941 she worked 48 hours a week for 26 weeks and 44½ hours a week for 26 weeks, and in 1942, 48 hours a week for 22 weeks and 44½ hours a week for 21 weeks. On this basis he determined that she was entitled to receive for wages and overtime compensation the sum of $2,305.83, and an equal amount for liquidated damages, or a total of $4,611.66. In addition he allowed appellee as a reasonable attorney's fee the sum of $576.48, and entered judgment in her favor for $5,188.14.

In the District Court Wilson denied that Mrs. Shuman was employed by the partnership, and for reversal of the judgment against him he contends: (1) That the evidence failed to show the employment of Mrs. Shuman; (2) that, if Mrs. Shuman

was employed, the partnership never became liable under the terms of the contract because from her testimony it appeared that the partnership was only obligated to pay for her services if and when it became able to pay, and under the evidence the inability of the partnership to pay and its insolvency are established; (3) that, even if the contract was made, as claimed by Mrs. Shuman, it was void and unenforceable under the laws of Arkansas; and (4) that the trial judge erred in his computation of the amount due Mrs. Shuman and rendered a judgment in her favor in excess of the amount to which she was entitled under the Fair Labor Standards Act.

■ Appellants do not contend that appellee was not employed in commerce within the meaning of the Fair Labor Standards Act. That she was so engaged is established by the evidence in the case. The radio station was operated under Federal license. It was affiliated with the Mutual Broadcasting System, from which it received programs from points outside of the State of Arkansas. There is proof to show that its programs, whether received from the Mutual System or originated locally, were heard at points outside of the State. The station was engaged in interstate commerce. 29 U.S.C.A. § 203(b); Fisher's Blend Station, Inc., v. State Tax Commission, 297 U.S. 650, 652-654, 56 S.Ct. 608, 80 L.Ed. 956. Appellee was engaged in clerical work necessary to the operation of the station, and also in work in the station's traffic department. In her employment in the traffic department, she had charge of the timing and placing of the programs, including what is referred to in the evidence as "spot announcements", and also the preparation and control of the daily schedule for broadcasts which the station received and transmitted. Her employment was in commerce within the meaning of the Fair Labor Standards Act. McLeod v. Threlkeld, 319 U.S. 491, 63 S.Ct. 1248; and see Convey v. Omaha National Bank, 8 Cir., 140 F.2d 640, decided this term.

■ Of appellants' contention that the evidence fails to establish the employment of appellee by the partnership, it is sufficient to say that the finding by the trial judge that she was employed is sustained by substantial evidence and is conclusive upon us. It is true that the record contains evidence tending to show that Mrs. Shuman was merely donating her services to the partnership in an effort to aid an enterprise in which her husband was vitally interested, and also that appellant Wilson denied any knowledge of her employment. But Wilson admits that Shuman was general manager of the partnership and authorized to employ persons without consulting him, and further that he knew that appellee was working in the partnership's office. Appellee and her husband both testified to her employment. It is not disputed that she rendered valuable services, the result of which was to reduce the operating expense of the partnership in amounts in excess of her wages. Nor is there merit in appellants' contention that, by the terms of the contract of employment, appellee was only to be paid in case the partnership was able to pay her. The testimony is conflicting, but there is substantial evidence in the record to support the conclusion of the trial judge that, while by the terms of her contract appellee's salary was to be deferred to some time in the future, there was a definite agreement that she would eventually be paid. Moreover, the evidence does not establish the inability of the partnership to pay. The basis of this contention is that the partnership was at all times in financial difficulties, and that Wilson instituted a suit for its dissolution. But this evidence is not sufficient to establish either the inability of the partnership to pay, or its insolvency.

■ The ground of appellants' contention that appellee's contract with the partnership was void under Arkansas law is that a married woman may not contract with her husband, or with a partnership of which her husband is a member, for payment for her services rendered to either of them. No Arkansas case is cited supporting this argument. In view of the statutes of Arkansas emancipating married women, sections 7227, 7231, Pope's Digest of Statutes of Arkansas, and the decisions of the Supreme Court of the State interpreting them, we conclude that appellants' position is untenable. Fitzpatrick, Administrator, v. Owens, 124 Ark. 167, 177, 186 S.W. 832, 836, 187 S.W. 460, L.R.A. 1917B, 774, Ann.Cas.1918C, 772; Roberson v. Roberson, 193 Ark. 669, 101 S.W.2d 961; Katzenberg v. Katzenberg, 183 Ark. 626, 37 S.W.2d 696.

■ We agree that appellants are correct in their contention that the judgment is excessive. The trial judge adopted the proper formula, Overnight Motor Trans-

portation Company, Inc., v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682, for the computation of the amount due appellee for unpaid wages and overtime compensation, but he made an error in the application of the formula, which resulted in awarding appellee 250 per cent of her regular hourly wage for overtime compensation instead of 150 per cent as provided by the Fair Labor Standards Act. The correct application of the formula for the computation of the amount which appellee was entitled to recover for unpaid wages and overtime compensation is set out in appellants' brief. The amount which appellee is entitled to recover for these items is $1,978.83, to which an equal amount must be added for liquidated damages, making a total recovery of $3,957.66. Reasonable compensation for appellee's counsel was fixed at 12½ per cent of the amount which she was entitled to recover, a finding which we can not say is unreasonable. The total permissible recovery for appellee therefore is $4,452.36. On remand, the District Court will amend the judgment in conformity with this opinion, and, as amended, the judgment will stand affirmed.