## BLAKE v. UNITED STATES.

### No. 10726.

Circuit Court of Appeals, Fifth Circuit.

April 12, 1944.

M. H. Myerson, of Jacksonville, Fla., for appellant.

Damon G. Yerkes, Asst. U.S. Atty., of Jacksonville, Fla., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

The appellant, indicted for concealing distilled liquors with intent to defraud the Government of the tax, moved in advance of trial to suppress the evidence obtained by a search warrant on the ground that it issued without probable cause. The judge heard the motion along with the case. There was some confusion in the testimony of the witness on whose oath the warrant issued as to where he was standing when he sent an informer into the accused's house to buy liquor, it being contended that he could not see the house where he, in one part'of his testimony, said he was. The judge held that the warrant was validly issued, and admitted the evidence of what was found in executing it, and refused to give a charge to the jury that if they had a reasonable doubt as to whether the witness could have seen what he said he saw, the search was illegal, and it was for the jury to say whether there was probable cause to issue the warrant.

If the judge had heard the motion to suppress in advance of the trial, as is regular, he would of course have determined the question of fact as to whether the affiant seeking it knew what he said he knew. We think it was still his province to do so when he postponed his ruling till the evidence should be developed at the trial. There was ample room for the judge to conclude that the witness really saw what he said he did, although he became confused as to the precise street corner at which he was standing. The credibility of the witness on the general question of guilt was fully submitted to the jury. Indeed, after the search there was no question of guilt.

The accused freely admitted her guilt while under arrest and before she was taken before the United States Commissioner. She was advised of her constitutional right to be silent, and that what she stated might be used against her, but voluntarily signed a written statement of what she said the facts were. This statement was admitted without objection in the trial. There was no claim of the use of any "third

degree" methods. The appellant did not take the witness stand at all. We see nothing in the admission of the statement which would be error, if it had been objected to.

The judgment is affirmed.