LOWREY v. UNITED STATES.

No. 13444.

Circuit Court of Appeals, Eighth Circuit.

April 28, 1947.

Writ of Certiorari Denied June 16, 1947.

See 67 S.Ct. 1737.

C. Floyd Huff, Jr., of Hot Springs, Ark., and Drew Bowers, of Pocahontas, Ark., for appellant.

R. S. Wilson, U. S. Atty., of Van Buren, Ark., and David R. Boatright, Asst. U. S. Atty., of Fort Smith, Ark. (Charles A. Beasley, Jr., Asst. U. S. Atty., of Fort Smith, Ark., on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

Appellant was convicted, on a jury-waived trial, (1) of possessing 91 gallons of distilled spirits in containers (8 ten-gallon kegs and 11 one-gallon jugs) to which no stamps had been affixed, "denoting the quantity of distilled spirits contained therein and evidencing payment of all internal-revenue taxes imposed on such spirits," as required by 26 U.S.C.A.Int. Rev.Code, § 2803, and (2) of concealing distilled spirits (the 91 gallons of whisky) removed from an unknown distillery, without payment of liquor taxes, to a place other than an internal-revenue bonded warehouse, in violation of 26 U.S.C.A.Int. Rev.Code, § 2913. He was given a general sentence of three years in prison and a fine of $1,000.

The principal contention urged for reversal is that the trial court erred in denying appellant's motion, made before trial or hearing, to quash the search warrant, under which the contraband liquor

was seized, and to suppress the evidence thus obtained, which was used on the trial to convict. The basis of the contention is that the affidavit was insufficient to permit issuance of the search warrant, because it did not contain a particular or special description of the property which it was desired to seize.

The affidavit was one executed by an Alcohol Tax Unit Investigator named Cummings. It was on a printed form bearing the caption "Affidavit of Search Warrant (Standard Form)." The form contained a recitation, "That the facts tending to establish the grounds of this application and the probable cause of affiant's believing that such facts exist are as follows:" Here was inserted a statement by Cummings that on the day preceding the execution of the affidavit he had watched a taxicab containing two negroes drive up to appellant's home; that he observed one of the negroes carry from the house a paper carton and place it in the trunk compartment of the taxicab; that the negroes immediately thereafter got back in the taxicab and drove away; that he and another Alcohol Tax Unit Investigator named Gibson kept the taxicab under constant observation until they stopped it and searched it; that in its trunk compartment they found a paper carton, in which there were 6 one-gallon jugs "containing non-tax paid distilled spirits," which was the only carton in the taxicab; and that the taxicab had not made any stop from the time it left appellant's home until it was halted by Cummings and Gibson and searched.

The form contained another recitation, "That he [the affiant] has good reason to believe and does believe that in and upon certain premises [here was inserted a description showing the location of appellant's home and covering the house, the garage and the other outbuildings on the premises] there have been and now are located and concealed certain property used as the means of committing a felony in violation of the Statutes of the United States, to-wit:"—the space following this recitation being left blank in the affidavit. The form also contained a general prayer, "that a Search Warrant may issue authoriz-ing a search of the aforesaid premises in the manner provided by law."

The affidavit thus set out as its principal foundational fact that 6 one-gallon jugs of "non-tax paid distilled spirits" had been seen being carried from appellant's house and taken away by two negroes in a taxicab. It further stated that Cummings believed that the house and outbuildings contained "certain property used as the means of committing a felony in violation of the Statutes of the United States." It requested a search warrant authorizing a search of the premises in the manner provided by law. The possession of unstamped distilled spirits and the concealment of non-tax paid distilled spirits, such as the affidavit showed had been located on the premises, constituted felonies under 26 U.S.C.A.Int.Rev. Code, §§ 2803, 2913. The only import which the contents of the affidavit reasonably could have in the situation, it seems to us, was to indicate that Cummings believed (and the basis for his belief) that there were non-tax paid distilled spirits on appellant's premises and that this was what he desired to search for and seize. The warrant issued by the commissioner on the affidavit authorized a search of the premises for "non tax paid distilled spirits" possessed and concealed in violation of "Section 2803 and 2913 of the Internal Revenue Code."

Appellant does not contend that the search warrant itself was insufficient in either form or content. His argument, as heretofore indicated, simply is that Cummings did not specifically or directly state in the affidavit that what he desired to search for was "non-tax paid distilled spirits," and that the affidavit therefore must be held to be insufficient. He says that the Fourth Amendment expressly requires that the affidavit set out a particular or special description of the property to be seized.

The second clause of the Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, *and particularly describing the place to be searched, and the persons or things to be seized.*" (Italics ours.) From the subject matter of the provision, the punctuation and the

context, the italicized language would appear to be a prescription for the search warrant, rather than one specifically or directly for the affidavit, as appellant contends. Cf. United States v. Wroblewski, 7 Cir., 105 F.2d 444, 446. The only part of the provision expressly dealing with the affidavit is the preceding phrase, "but upon probable cause, supported by Oath or affirmation."

It cannot therefore be said that the Fourth Amendment in terms has made any prescription for the form or content of the affidavit for a search warrant other than that the affidavit or affidavits must show probable cause for issuance of the warrant. And, other than that the affidavit must establish the grounds for issuing the warrant, there also is no express prescription with respect to it in Rule 41, Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, which now governs the issuance of search warrants (except in the case of some inconsistent statute "regulating search, seizure and the issuance * * * of search warrants in circumstances for which special provision is made.") Rule 41(c) provides: "A warrant shall issue only on affidavit sworn to before the judge or commissioner and establishing the grounds for issuing the warrant. If the judge or commissioner is satisfied that grounds for the application exist or that there is probable cause to believe that they exist, he shall issue a warrant identifying the property and naming or describing the person or place to be searched."[1]

Probable cause for the issuance of a search warrant, on the grounds authorized in Rule 41(b), is then the only prescription for the affidavit under the Fourth Amendment and the Rules of Criminal Procedure. The lack of prescription for any particular or special statement in the affidavit would seem reasonably, as in the case of a pleading, to have significance on the

formality required in setting out the information to show probable cause. Of course, probable cause for the issuance of a search warrant necessarily implies, not simply that there are reasonable grounds to believe that some violation of law exists, but that there is a violation in respect to some property located on some premises or on some person—each of which can be unmistakably identified, so as to be capable of being particularly described in the warrant, from the information in the affidavit. Cf. Dumbra v. United States, 268 U.S. 435, 441, 45 S.Ct. 546, 69 L.Ed. 1032.

But in order to make the property to be seized or the place or person to be searched identifiable as a basis of probable cause and warrant information, it can hardly soundly be argued that there necessarily must be a special sentence of separate or repetitive description in the affidavit. In testing the sufficiency of the affidavit, it is entitled to be read as a whole. It would therefore seem to be enough that the affidavit contain within its four corners the information necessary to justify and to enable the search warrant to be issued, and that its statements and recitations unequivocally establish, whether directly or by inescapable import, the significance and relationship of the information shown.

In the present case, Cummings's statement that he had seen 6 one-gallon jugs of "non-tax paid distilled spirits" being carried from appellant's house and taken away by two negroes in a taxicab, with the further recitation that Cummings believed that the house and outbuildings contained "certain property used as the means of committing a felony in violation of the Statutes of the United States", and with the request for the issuance of a search warrant authorizing a search of the premises in the manner provided by law, could not possibly in our opinion convey any other implication or understanding to anyone read-

---

[1] The Espionage Act of June 15, 1917, 40 Stat. 228, 18 U.S.C.A. § 611 et seq., had contained a provision, 18 U.S.C.A. § 613, that no search warrant should be issued under its provisions, "but upon probable cause, supported by affidavit, naming or describing the person and particularly describing the property and the place to be searched." Under this provision, the property to be searched for was apparently required to be particularly or specially described in the affidavit. Cf. Weinberg v. United States, 2 Cir., 126 F. 2d 1004, 1006, 1007. But Rule 41, Federal Rules of Criminal Procedure, has expressly been made to supersede this provision of the Espionage Act. See Rule 41(g).

ing the affidavit than that a search warrant was being sought in order to search appellant's premises for what Cummings had described in the affidavit as "non-tax paid distilled spirits."

As a matter of fact, it is not contended here that the affidavit could possibly have any other import. The argument merely is that such an inescapable import could not properly be the basis for the issuance of a search warrant, but that it was necessary for the affidavit to have stated in specific terms that what Cummings had described in it as "non-tax paid distilled spirits" was in fact what he sought the warrant to search for and seize.

If any other import reasonably had been possible from the affidavit than that the property for which the search warrant was being requested was "non-tax paid distilled spirits," as described in the affidavit, the affidavit, of course, would not have been sufficient. But that, as we have said, is not the situation. Or, if the commissioner had had to go outside the affidavit in order to complete the warrant, the affidavit equally would have been insufficient. Cf. Poldo v. United States, 9 Cir., 55 F.2d 866, 868. That, again, is not the present situation.

And so it seems to us, as heretofore indicated, that, on the facts and recitations of the affidavit and their inescapable import, the trial court cannot be said to have erred in denying appellant's motion to quash and suppress because the affidavit did not contain a direct or special statement that the property for which the search warrant was sought was "non-tax paid distilled spirits," which term or description was contained in the affidavit in stating probable cause.

The second contention for reversal is that the trial court erred also in refusing to quash the warrant and suppress the evidence on the additional ground in appellant's motion that "the allegations as to probable cause as set out in the Affidavit * * * were not true for the reason that the Affiant, Cummings, could not have made the observation of the package being placed in the taxicab of the Negroes as set out in his Affidavit and at the same time have kept the said taxicab under constant observation during the time as alleged by the Affiant in his Affidavit." The court allowed the parties to introduce evidence on this question and at the conclusion of the testimony made a finding that "Cummings did in fact see the events which he related in his affidavit" and that "the statements contained in Cummings's affidavit were true and correct."

Assuming for the sake of the contention that, but without here considering whether, the question was one on which it was proper to receive testimony, appellant is not entitled to have the finding reviewed on this appeal. The question of fact presented was resolved on conflicting and substantial evidence, and such evidence may not be re-weighed by an appellate court. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Kincade v. Mikles, 8 Cir., 144 F.2d 784, 787; Wilson v. Shuman, 8 Cir., 140 F.2d 644, 647.

Appellant's third contention is that the trial court further erred in refusing to sustain appellant's motion to quash and suppress because the facts set out in the affidavit could not constitute probable cause for concluding that there were "non-tax paid distilled spirits" upon appellant's premises. We think the commissioner could legitimately conclude that there were reasonable grounds to believe that appellant's house contained "non-tax paid distilled spirits" from the facts set out in Cummings's affidavit that a taxicab drove up to the house, which was located about $2\frac{1}{4}$ miles out in the country; that the two negro occupants of the taxicab came away from the house with 6 one-gallon jugs; and that the jugs were found to contain "non-tax paid distilled spirits" when the taxicab was stopped and searched after it left appellant's premises and had returned to the highway.

Substantially similar facts were held to constitute probable cause for the issuance of a warrant to search for "nontax paid [distilled spirits]" in Beal v. United States, 65 App.D.C. 10, 79 F.2d 135, 136. In that case, a negro was seen coming from the defendant's premises with a sack and a box, which he dropped upon discovering the presence of the officer, and which on examination were found to contain 18 one-half gallon jugs of "nontax paid whisky".

Cf. also Herson v. United States, 65 App. D.C. 86, 80 F.2d 529.

There is, of course, no formula for testing the question of reasonableness in relation to probable cause, other than that, "if the apparent facts set out in the affidavit are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is probable cause justifying the issuance of a warrant." Dumbra v. United States, supra, 268 U.S. at page 441, 45 S.Ct. at page 549, 69 L.Ed. 1032. "Each case [necessarily] is to be decided on its own facts and circumstances." Go-Bart Importing Co. v. United States, 282 U.S. 344, 357, 51 S.Ct. 153, 158, 75 L.Ed. 374.

Appellant's final contention is that the trial court erred in denying his motion to dismiss each of the counts of the indictment on the ground that neither of them sufficiently showed the locality where the offense charged in it was committed. Count I laid the venue of its offense as having occurred "in the Hot Springs Division of the Western District of Arkansas, and within the jurisdiction of this Court". The counties of the State included in the Hot Springs Division of the Western District of Arkansas were fixed by 54 Stat. 302, 28 U.S.C.A. § 144. Count II similarly laid the venue of the offense there charged as having occurred in the Hot Springs Division of the Western District of Arkansas, but it further added, in connection with its charge that the concealed "non-tax paid distilled spirits" had been removed from some unknown distillery to a place other than an internal-revenue bonded warehouse, that appellant's residence was "located at about two and one-fourth miles southeast of Hot Springs, Arkansas, in Garland County."

As to Count II, there is no possible basis for arguing that the venue of the charged offense is not sufficiently shown. And as to Count I, we think the charge that the crime was committed "in the Hot Springs Division of the Western District of Arkansas" was alone sufficient to make the indictment good against a motion to dismiss for insufficient statement of venue.

Failure of an indictment to state the county of the state where the offense was committed does not make the indictment fatally defective under the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687. Against a motion to dismiss, it is sufficient that the indictment show that the offense was committed within the territorial jurisdiction of the court before which the indictment was returned. That this is the spirit and intent of the Criminal Rules is indicated by the Appendix of Forms,[2] which have been given an official illustrative status by Rule 58. Such precision and detail as were held necessary to charge an offense in Jarl v. United States, 8 Cir., 19 F.2d 891; Corcoran v. United States, 8 Cir., 19 F.2d 901; Partson v. United States, 8 Cir., 20 F.2d 127; Turk v. United States, 8 Cir., 20 F.2d 129, upon which appellant relies, are no longer required. "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged", and "The court for cause may direct the filing of a bill of particulars." Rule 7(c) and (f).

The judgment is affirmed.

---

[2] Thus, "Form 5. Indictment for Internal Revenue Violation" provides:

"In the District Court of the United States for the ......................
District of .................. Division

United States of America ⎱ No. ........
　　　v.　　　　　　　　　⎰ (26 U.S.C.A.
　　John Doe　　　　　　　　 § 2833)

"The grand jury charges:

"On or about the ...... day of ....,
19.., in the ...... District of ......,
John Doe carried on the business of a distiller without having given bond as required by law.

　　"A True Bill.

................
　　　　　　"Foreman.

................
"United States Attorney."