## BATTEN v. UNITED STATES.

### No. 13229.

United States Court of Appeals
Fifth Circuit.

April 11, 1951.

5. Paducah Water Co. v. Commissioner, 59 App.D.C. 84, 33 F.2d 559; Friend v. Commissioner, 7 Cir., 119 F.2d 959.

M. H. Myerson, Jacksonville, Fla., for appellant.

William S. Walker, Asst. U. S. Atty., Jacksonville, Fla., H. S. Phillips, U. S. Atty., Tampa, Fla., for appellee.

Before HOLMES, McCORD and STRUM, Circuit Judges.

McCORD, Circuit Judge.

Appellant, Jeffrey Albert Batten, was convicted under a one count indictment charging him with unlawful possession of two hundred and thirty gallons of non-tax paid whiskey, in violation of Title 26, Section 2803(a), U.S.C.A.

The main questions presented are (1) whether there was sufficient evidence to justify submission of the case to the jury; and (2) whether there was probable cause for the issuance of a search warrant on the garage of defendant.

The evidence is without dispute. It was shown that Revenue officers had information that an illicit distillery was in operation in a swamp near Bryceville, Florida. An investigation was made, and two officers walked into the woods seeking the location of the still, while three other officers awaited information from them in two cars near-by. The search was commenced about noon, and when the two officers located the still they moved within about seventy-five or one hundred yards of it and observed through binoculars a white man and a negro man unload from a red-top truck some sacks and glass jugs. They watched them carry the sacks and glass jugs down to a place in the woods from which smoke was arising, and later saw them return with the jugs, which then appeared to be heavy, and load them in the truck. The officers watched these operations for two hours or more, after which they returned to inform the other officers in the waiting cars. The two officers later left the vicinity of the still, and went back to the road leading out to the highway to wait for the red-top truck. They were able to observe it as it passed, and noticed that it was about a one and one-half ton Ford truck with red-top and dual rear tires. The outside tires had chains fastened on them. The two officers were picked up by the other officers in the cars, and together they all followed the truck until it passed over a railroad track. Just as the truck crossed the track a freight train arrived and held up the two cars in which the revenue officers were trailing the truck for about three or three and one-half minutes. When the crossing was clear and they were able to resume the chase, the truck was not in sight. The officers were able to follow the truck, however, because of the indenture made by the tire chains in the road. The chain and tire tracks finally led off the road into defendant's yard, which

was a distance of about four or four and one-half miles from the still. There were chain tracks leading into the driveway and the garage of defendant. When the defendant arrived the officers informed him of their business, and stated they had reason to believe there was a load of contraband whiskey in his garage. Defendant replied that he didn't believe there was any whiskey in the garage, but he refused to permit them to search the garage without a search warrant. Defendant afterwards told the officers he had to feed the stock and left. In the meantime, two of the officers had left for Jacksonville, Florida, for the purpose of obtaining a search warrant. They returned with the warrant about 8:00 o'clock p. m., and defendant was not around, so they served the warrant on his daughter-in-law who was at the house. Thereupon the officers entered the garage and found the red-top Ford truck which they had been following, with the dual wheels and chains on the outer tires. Their search also revealed forty-six glass jugs, each containing five gallons of non-tax paid whiskey aggregating 230 gallons.

The revenue officers did not recognize the two men at the distillery or attempt to arrest them.[1] They were also unable to recognize them or the defendant on the truck as it left the still, and did not observe anyone drive the truck in defendant's garage. They made no effort to search the defendant's house, or any other part of the premises except the garage.

Defendant did not take the stand to deny that the untaxed whiskey was found in his possession, or that the officers had obtained the search warrant before going upon his property and searching the garage. His main defense is that the warrant was obtained without probable cause, and that the evidence obtained against him thereunder resulted from an unconstitutional search and seizure and should have been suppressed on his motion by the trial court.

Where, as here, the evidence is without dispute, the question of whether probable cause for the issuance of a search warrant exists is manifestly for the court and not a jury issue. Cf. Steele v. U. S., 267 U.S. 505, 510, 511, 45 S.Ct. 417, 69 L. Ed. 761; Boyer v. U. S., 5 Cir., 92 F.2d 857; Blake v. U. S., 5 Cir., 141 F.2d 953. Moreover, the burden is on a defendant who seeks to suppress evidence obtained under a regularly issued search warrant to show the want of probable cause. U. S. v. Nagle, D.C., 34 F.2d 952; U. S. v. Napela, D.C., 28 F.2d 898, 904. Here, defendant has signally failed to discharge that burden. Under the evidence adduced, it becomes patent that at the time the warrant was issued reasonable grounds existed for the belief that a violation of the internal revenue laws was being committed on the premises in question.[2] We therefore conclude that probable cause existed for the issuance of the search warrant, and the trial court properly denied defendant's motion to suppress the evidence obtained thereunder. See Dumbra v. U. S., 268 U.S. 435, 441, 45 S.Ct. 546, 69 L.Ed. 1032; Lowrey v. U. S., 8 Cir., 161 F.2d 30, 35; Herson v. U. S., 65 App.D.C. 86, 80 F.2d 529; 30 Amer. Juris, 534, 535; Cf. Poldo v. U. S., 9 Cir., 55 F.2d 866.

We find no error in the refusal of the trial court to give the requested instructions to the jury. The charge was full and fair, and substantially preserved for the

---

1. On cross-examination defendant's counsel inquired of one of the revenue officers why he did not arrest the men at the still, and the officer answered, "I wanted to catch that man over there." (indicating the defendant Batten).

2. In the affidavit for a search warrant on defendant's premises, made before the U.S. Commissioner in Jacksonville, Florida, by officer Hayes, it was stated that the affiant "is positive" that property stored on the premises was being used in violation of the internal revenue laws. This assertion in the affidavit was supported by factual statements revealing that the contraband property was in the place desired to be searched. The Commissioner was therefore justified in directing that the premises could be searched either in the day or night. See Rule 41, Federal Rules of Criminal Procedure, 18 U.S.C.A.; Cf. Poldo v. U. S., 9 Cir., 55 F.2d 866.

consideration of the jury every important issue in the case. There is abundant evidence to support the verdict and the judgment is

Affirmed