## BURRIS v. UNITED STATES.
### No. 13564.

United States Court of Appeals
Fifth Circuit.
Nov. 20, 1951.

M. H. Myerson, Jacksonville, Fla., for appellant.

H. S. Phillips, U. S. Atty., Tampa, Fla., Damon G. Yerkes, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH, and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

As a part of their efforts to apprehend violators of the Internal Revenue Laws with reference to distilled spirits, two special investigators in the Alcohol Tax Unit drove near the home of the appellant, Daisy Burris, on Lafayette Street, in Jacksonville, Florida, together with an informer. Letting the informer out, after furnishing him with money to make a purchase and searching his person to see that he possessed no whiskey, the officers watched him enter the house and return with a half pint of whiskey. With these facts, together with an affidavit of the informer, John Britt, to the effect that he purchased the whiskey from the appellant on the premises, one of the investigators went before a United States Commissioner and made an affidavit setting forth the facts as grounds for the issuance of a search warrant for the search of "Daisy's Place, a one-story frame dwelling at 834 Lafayette Street, Jacksonville, Florida." In executing the warrant, and as the officers entered the house, a man came out of the door. He was searched and a non-stamped bottle of whiskey was found on his person. When the front door was opened Benjamin F. Dowdell was observed to pour a sauce pan of whiskey into the sink. The search revealed fifty gallons of non-stamped distilled spirits in the chicken yard immediately behind the house, and separated from the house only by a fence. Both Daisy Burris and Benjamin Dowdell at that time admitted participation in the illegal sales of non-taxed distilled spirits and it was freely admitted that Daisy Burris was the owner of the fifty gallons of distilled spirits found, and that Dowdell only helped her in the business. Both of these parties, after arrest, gave a detailed written confession of implication in, and guilt of, the unlawful possession. Both were indicted for the illegal possession of the non-stamped whiskey, and upon trial were found guilty. Only Daisy Burris has appealed.

While other errors are assigned, those principally relied upon concern the legality of the search warrant. These attacks were presented by motion to quash the warrant and to suppress the evidence obtained as a result of its execution. It is insisted that there was not probable cause for its issuance; that under the evidence the question of probable cause was for the determination of the jury; and consequently, the Court erred in refusing to permit defendants' counsel to cross-examine the witnesses before the jury upon this feature of the case, and likewise erred in refusing to permit argument to the jury upon the question. It is further urged that the premises were not sufficiently described, since they were actually in the 700 block of Lafayette Street and the number was "734" Lafayette Street instead of "834". The motion to suppress was heard by the Court in the absence of the jury, and evidence to the effect as above stated was presented on behalf of the Government. It was conceded that the premises were in the 700 block of Lafayette Street, but the evidence was to the effect that the actual numbering upon the house was "834", although it was actually No. 734 in the municipal scheme of street numbering. There is no dispute that Daisy Burris lives in the house to which the warrant related, as set forth in the affidavit.

The evidence fully supported the finding of the Court that the search warrant issued upon a showing of probable cause and that it was not otherwise insufficient to afford the basis for a search by the officers. The issues arising upon a motion to quash and suppress are not properly for determination by the jury, but rest within the province of the trial judge. The competency of the evidence discovered as

a result of the search "was a question of fact and law for the court and not for the jury." Steele v. U. S., 267 U.S. 505, 511, 45 S.Ct. 417, 419, 69 L.Ed. 761 and citations; Boyer v. U. S., 5 Cir., 92 F.2d 857; Blake v. U. S., 5 Cir., 141 F.2d 953; Batten v. U. S., 5 Cir., 188 F.2d 75. It is not contended that the actual search warrant was admitted in evidence before the jury upon the trial of the case, and indeed it is here stipulated to the contrary. The contents of the search warrant were not proper for consideration by the jury; and the Court correctly ruled that the legality of the search warrant and the evidence obtained as a result of its execution was a matter of law for its determination. It was therefore entirely proper that the Court prohibit cross-examination of the witnesses upon this question when before the jury, and likewise refuse to permit argument to the jury by counsel upon this question.

■ The defendant has abandoned the objection made upon the trial to the admission in evidence of the written statements of guilt which were proven to have been made freely and voluntarily by them. However, it is now insisted that the Court should have instructed the jury they should not consider the written confession of one co-defendant in determining the guilt of the other. The convicted co-defendant Dowdell has not appealed. There was interposed on behalf of the appellant no request whatever that the Court admonish the jury that the statement of Dowdell could in no manner be used against her. Furthermore, except as to Dowdell's acknowledgment of previous criminal transactions, substantially the same facts as contained in the writings were stated by the defendants in the presence of each other at the time of arrest, and repeated upon the trial in the testimony on behalf of the Government, which was admitted without objection. The facts of this case do not bring it within the ruling of this Court in Mora v. United States, 5 Cir., 190 F.2d 749.

The appellant fails to show any error in the judgment of the trial Court.

Judgment Affirmed.