THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAMONA CINTRÓN ROSARIO, Defendant and Appellant.

No. 16355.  Submitted May 8, 1958.—Decided May 26, 1958.

*Arturo Cintrón García* for appellant.  *J. B. Fernández Badillo, Attorney General, Arturo Estrella, Assistant Attorney General,* and *Alfredo Archilla Guenard* and *William Fred Santiago, Fiscal* and *Assistant Fiscal of the Supreme Court,* respectively, for appellee.

MR. JUSTICE SALDAÑA delivered the opinion of the Court.

Ramona Cintrón Rosario was charged in the Superior Court, Guayama Part, with a violation of § 4 of Act No. 220 of May 15, 1948 (Sess. Laws, p. 738), known as *Bolita* Act (33 L.P.R.A. § 1250), committed as follows: ". . . on or about December 1, 1956 . . . illegally, wilfully, and maliciously, kept in her residence materials and implements which are used in the games known as '*bolita*' and '*bolipool*,' consisting of . . . several paper lists containing three-digit numbers followed by a dash and another number." After trial, she was convicted and sentenced to seven months in

jail. On appeal, she prays this Court to reverse the judgment, alleging that the lower court erred " . . . in denying the motion for nullity of the search and suppression of the evidence filed by the appellant." She alleges, specifically, that the search of her residence was illegal because the warrant issued did not meet the requirements of § 507 of the Code of Criminal Procedure (1935 ed.), 34 L.P.R.A. § 1817.

■ The affidavit made by police sergeant Pedro Rodríguez, upon which the warrant was issued, reads in its pertinent part as follows:

" . . . That I know for a fact . . . that RAMONA CINTRÓN, in the house described . . . keeps . . . *bolita* material for sale which is printed on paper of different colors, in violation of the *Bolita* Act of Puerto Rico, which prohibits the possession, sale, handling, carrying, and transportation of the said *bolita* material . . . because on November 28, 1956, about 11:30 a. m., while patrolling San José Street of Guayama, Puerto Rico, and as I passed in front of the residence of the said RAMONA CINTRÓN, I saw her on the porch holding in her hands pieces of paper of different colors, the top one of which was white and on which were written the names of persons and three-digit numbers followed by a dash and another number, among others, numbers 736–2, 744–4; that I saw and heard when the said RAMONA CINTRÓN asked a woman, whom I know by sight and who was with her on the porch, to buy number 836 which was the nicest number of those left; that the other numbers were 333, 899, and 774, and that she probably could not sell them because people did not like those numbers; that when she was saying this, the said RAMONA CINTRÓN looked in my direction and, noticing my presence, immediately put the said material into her bosom and went inside the house followed by the other woman who was with her, for which reason I was unable to seize the said *bolita* material. . . ."

The search warrant issued reads as follows:

" . . . Proof by affidavit having been this day made before me by Pedro Rodríguez, Commonwealth police sergeant, which affidavit is attached to and forms part of this search warrant, to the effect that RAMONA CINTRÓN keeps in her residence, which is described on the back hereof, *bolita* material for sale,

consisting of paper lists containing three-digit numbers followed by a dash and another number. Other grounds are set forth in detail in the affidavit attached hereto and which forms part hereof. You are hereby commanded, in the daytime or nighttime, to make immediate search in the residence of RAMONA CINTRÓN, situated at 87 West San José Street, Guayama, P. R., for the following material: All the material which is being used in or which forms part of the illegal *bolita* game, such as lists containing three-digit numbers followed by a dash and another number, money, pencils, or any other implement which is being used in violation of the provisions of the said *Bolita* Act; and if you should find all or part of such material, to bring it forthwith before me at the court building. . . ."

Appellant's contention is that "*the grounds of the application*" were not set forth in the search warrant copied above, as required by § 507 of the Code of Criminal Procedure,[1] but that the affidavit was erroneously incorporated by reference. She is not right. We have never required that all the facts set forth in the affidavit be copied *in extenso* in the search warrant. It will be sufficient if the material facts alleged in the affidavit are *substantially* set forth in the

---

[1] Said section provides as follows (34 L.P.R.A. § 1817):

"The search warrant must be in substantially the following form:

" 'District of ................................:

" 'The People of Puerto Rico to any marshal, policeman, peace officer, internal-revenue agent, or income-tax inspector, in the district of ...........................:

" 'Proof by affidavit having been this day made before me by (naming every person whose affidavit has been taken), stating (the grounds of the application according to Section 503 of the Code of Criminal Procedure), or if the affidavit be not positive, that there is probable cause for believing that (stating the ground of the application in the same manner), you are therefore commanded, in the daytime (or at any time of the day or night, as the case may be, according to Section 511 of the said Code), to make immediate search on the person of.............. or in the house situated................. (describing it or any other place to be searched, with reasonable particularity, as the case may be) for the following property: (describing it with reasonable particularity), and if you find the same or any part thereof, to bring it forthwith before me at (stating the place).

" 'Given under my hand, and dated this ...... day of ............ A. D. nineteen hundred ..........

" '.................... Justice of the Peace.' "

said warrant, stating briefly the *"grounds of the application."* See *People* v. *Rivera,* 79 P.R.R. 697, 708 (1956), and *People* v. *Hernández,* 75 P.R.R. 852, 858 (1954). In the case at bar, the search warrant recites, among other things, that the defendant " . . . keeps [in her residence] *bolita* material for sale, consisting of paper lists containing three-digit numbers followed by a dash and another number. . . ." Therefore, there is no doubt that the warrant recites, substantially, the facts which appear from the affidavit, *i. e.,* the grounds of the application required by § 507 of the Code of Criminal Procedure. *Cf. Steele* v. *United States,* 267 U. S. 498, 501 (1925); *Lowrey* v. *United States,* 161 F. 2d 30 (C.A. 8, 1947); *United States* v. *Klapholz,* 17 F.R.D. 18 (D.C.N.Y. 1955), affirmed in 230 F. 2d 494 (C.A. 2, 1955); Fricke, *California Criminal Procedure* 42–46 (4th ed. 1955).

■ Moreover, in this case the judge attached to the search warrant and made a part thereof the affidavit signed by policeman Pedro Rodríguez. Naturally, such action does not exempt him from his duty to set forth in the warrant the grounds of the application, but we certainly fail to see how such action of the judge who authorized the search has prejudiced the defendant in the least. On the contrary, *"the grounds"* having been set forth as required by law, the only effect of attaching to the search warrant a verbatim copy of the affidavit upon which it was issued, is to protect even more the right against illegal searches.

The judgment appealed from will be affirmed.