**UNITED STATES of America**

v.

**Leonard MALUGIN and Charles Fred McCord.**

**Cr. No. 1979.**

United States District Court
M. D. Tennessee,
Columbia Division.

March 13, 1961.

Fred Elledge, Jr., U. S. Atty., and Rondal B. Cole, Asst. U. S. Atty., Nashville, Tenn., for plaintiff.

Dale Quillen, Nashville, Tenn., for defendant.

WILLIAM E. MILLER, Chief Judge.

This cause has been submitted upon defendants' motion for a new trial, oral argument of counsel and briefs filed on behalf of the respective parties. The principal contention urged by defendants is that the Court erred in overruling their timely motion to quash the search warrant and to suppress the evidence obtained thereunder. Only one question of substance is presented: Did the affidavit upon which the search warrant was issued disclose facts sufficient to justify a finding by the United States Commissioner of probable cause to issue the search warrant?

The search warrant under which the evidence was obtained was issued upon an affidavit executed January 29, 1959 by a criminal investigator of the Alcohol & Tobacco Tax Division of the Treasury Department. The pertinent portions of the affidavit are set out in the margin.[1]

On the facts disclosed, the Commissioner might have found the affidavit insufficient. However, the Court cannot say that there was so little basis for a finding of probable cause that the Commissioner acted improperly or arbitrarily in issuing the warrant. There is no formula for testing the question of reasonableness in relation to probable cause, other than that "if the apparent facts set out in the affidavit are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is probable cause justifying the issuance of a warrant." Lowrey v. United States, 8 Cir., 161 F.2d 30, 35. In testing the sufficiency of the affidavit here involved, the Court must be guided by certain well established general principles.

1. "The undersigned being duly sworn deposes and says:

"That he has reason to believe that [on the premises described] in the Middle District of Tennessee, there is now being concealed certain property namely, Illicit Whiskey, to wit: Taxunpaid distilled spirits in containers not having stamps affixed thereto denoting the payment of tax, which are in violation of sections 5008(b) and 5632, Title 26, Internal Revenue Code of 1954 [26 U.S.C.A. §§ 5008 (b), 5632].

"And that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows: I, George L. White, Investigator, Alcohol and Tobacco Tax Division, United States Treasury Department, Columbia, Tennessee being assigned to duty in the Middle Judicial District of Tennessee, Columbia Division which includes Hickman County, Tenn. since September 1954 have received numerous reports that Leonard Malugin is engaged in the sale of taxunpaid whiskey at his residence * * * and on numerous occasions have observed unknown persons arrive, enter the house and leave shortly, some of which would be carrying small packages in their hands. See attached sheet for further facts * * *. Facts listed under (b) of attached sheet.

"(b) * * * On January 7, 1959 at 7:30 P.M. while making a surveillance of the Leonard Malugin residence from a vantage point of some twenty five (25) yards from the residence, I observed a vehicle stop in front of the house, a man alight from the car, go to the front door, the porch light of the residence being turned on, the man entered the house where he remained very briefly and then came from the front door to the car with two (2) clear glass bottles containing a red liquid, re-entered the vehicle and drove away.

"On January 22, 1959 at 8:20 P.M. while again making a surveillance of the Leonard Malugin residence from approximately the same vantage point, * * * I again observed a vehicle stop in front of the Malugin residence and again a man alighted from the car and proceeded to the front door of Malugin's house where he was met by Leonard Malugin. After a brief conversation, a second man came from the house and remained on the porch with the man who had alighted from the car. Presently Leonard Malugin re-appeared at the front door which had been left open and handed two (2) clear glass bottles containing a red liquid to the man that had arrived in the car. On this occasion, the man gave Malugin something, which appeared to be money. Malugin left the door briefly and returned, handed something to the man. He then left and returned to his vehicle and drove away."

■■ A search warrant is not invalid merely because the supporting affidavits relate to facts said to have occurred several days before the warrant was issued. Nuckols v. United States, C.A.D.C., 69 App.D.C. 120, 99 F.2d 353, cert. denied Floratos v. U. S., 305 U.S. 626, 59 S.Ct. 89, 83 L.Ed. 401. That the warrant was issued seven days after the last surveillance of defendants' premises was an element to be considered by the Commissioner in finding whether probable cause existed at the time the warrant was issued. United States v. Liebrich, D.C.Pa., 55 F.2d 341.

■ It is now well settled that hearsay may be the basis for the issuance of a search warrant. Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed. 2d 697. A fortiori, hearsay may be considered in conjunction with facts within the affiant's personal knowledge. And while the statement in the affidavit that the affiant had received "numerous reports that Leonard Malugin is engaged in the sale of taxunpaid whiskey at his residence" has little probative value and would not justify the issuance of a search warrant, such statement might properly have been considered by the Commissioner. In testing its sufficiency the affidavit must be read as a whole. Lowrey v. United States, supra, 161 F.2d at page 33.

■ A determination by the Commissioner that probable cause exists is conclusive unless his judgment is arbitrarily exercised. Evans v. United States, 6 Cir., 242 F.2d 534; Merritt v. United States, 6 Cir., 249 F.2d 19; United States v. Doe, E.D.Tenn., 19 F.R.D. 1.

Considering the affidavit in its entirety, and applying the principles above stated, the Court is of the opinion that there was probable cause for the issuance of the search warrant.

■ The defendants' insistence that the search warrant is defective on its face because it does not particularly describe the things to be seized is without merit. The warrant describes the property as "Illicit whiskey, to wit: taxun-paid distilled spirits in containers not having stamps affixed denoting the payment of tax, which are in violation of sections 5008(b) and 5632, Internal Revenue Code of 1954." Cf. Lowrey v. United States, supra, 161 F.2d 30.

■ Also without merit is defendants' argument that the evidence should have been suppressed because the property seized was not that described in the affidavit. In United States v. Doe, supra, 19 F.R.D. at page 4, the Court stated:

"When a search warrant is issued, it is not a guaranty that incriminating evidence will be found when the search is made. Whether anything is found, or the quantity thereof, does not affect the validity of the warrant. Basis of the warrant is not what will be found in the future, or on the date of the search, but what has already been done or is being done at the time the warrant is issued."

An order will be submitted overruling defendants' motion for a new trial.