UNITED STATES of America, Plaintiff-Appellee,

v.

Leonard MALUGIN and Charles Fred McCord, Defendants-Appellants.

No. 14618.

United States Court of Appeals
Sixth Circuit.

Dec. 15, 1961.

Kenneth Harwell, U. S. Atty., Nashville, Tenn., Carrol D. Kilgore, Asst. U. S. Atty., Nashville, Tenn., on brief, for plaintiff-appellee.

Dale M. Quillen, Nashville, Tenn., Philip M. Carden, Nashville, Tenn., for defendants-appellants.

Before MARTIN, WEICK and O'SULLIVAN, Circuit Judges.

ORDER.

The defendants in this case have appealed from judgments of conviction and sentence pronounced by District Judge William E. Miller, trial by jury having been waived by the defendants. They were convicted of violating Sections 5008 (b) and 5686(b) of Title 26 U.S.C.A.

The case was submitted to our court on the record and the respective briefs of the United States Attorney and attorney for appellants, without oral argument. The points raised were that the District Court should have sustained the motion of appellants to suppress the evidence for lack of probable cause for the issuance of the search warrant; on the further ground that the warrant was insufficient on its face; and, finally, on the ground that the property seized was not that described in the search warrant. The District Court, in its well-reasoned opinion with appropriate citation of authority, 200 F.Supp. 764, overruled these contentions.

We are in accord with the reasoning of the United States District Court in its opinion. Accordingly, its judgment of conviction and sentence as to each defendant is affirmed.

It is so ordered.

---

Howard F. THOMPSON

v.

UNITED STATES of America.

No. 6806.

United States Court of Appeals
Tenth Circuit.

Aug. 1, 1961.

No attorney for appellant.

Lawrence M. Henry, U. S. Atty., Denver, Colo., for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and HUXMAN, Circuit Judges.

PER CURIAM.

Appeal docketed and dismissed on motion of appellee for the reason the notice of appeal was not filed in time and the court was without jurisdiction to entertain the appeal.