Regina MERRITT, James A. Myers, E. B. Phillips, Raymond E. Spencer and Wade Thronberry, Appellants,

v.

UNITED STATES of America, Appellee.

No. 13138.

United States Court of Appeals Sixth Circuit.

Nov. 4, 1957.

Ward Hudgins, Nashville, Tenn. (Harris Gilbert, Richard H. Frank, Jr., Nashville, Tenn., on the brief), for appellants.

Andrew M. Gant, Jr., Nashville, Tenn. (Fred Elledge, Jr., Nashville, Tenn., on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

Each of the defendants [1] was charged under a separate criminal information with violation of Sections 7203 and 7262, Internal Revenue Code of 1954, 26 U.S.C. §§ 7203, 7262, for engaging in the business of accepting wagers without having registered and paid the tax required

under the statute. Each defendant moved to suppress certain evidence secured by officers under a search warrant for the reason that the search warrant was invalid. The District Court denied the motion to suppress and found all defendants guilty as charged.

■ We think the search warrant was lawfully issued. Application for it was made to the Commissioner, who determined that probable cause existed. His determination is conclusive unless his judgment is arbitrarily exercised. Evans v. United States of America, 6 Cir., 242 F.2d 534; Gracie v. United States, 1 Cir., 15 F.2d 644; Dixon v. United States, 5 Cir., 211 F.2d 547. This record shows no arbitrary action by the Commissioner and we accept his determination. Probable cause existed here within the definition of Brinegar v. United States, 338 U.S. 160, 175–176, 69 S.Ct. 1302, 93 L.Ed. 1879.

■ The affidavit for search warrant particularly described certain premises known as 310 Twelfth Avenue South, Nashville, Tenn., and alleged on information and belief that there were concealed thereon lottery tickets and other paraphernalia "which will indicate a numbers operation is being conducted on the premises." We disregard allegations in the affidavit based on hearsay. It was positively stated that the persons engaged in the business "have not paid the special tax" nor registered nor made returns for taxes as required by the statutes. Not all of the transactions described in the affidavit had been witnessed individually by each of the four officers who signed it. While we do not approve of this method of executing an affidavit by the signatures and attestations of several persons, the testimony of the four officers taken together supports the issuance of the warrant. It showed that defendant Phillips was seen in the vicinity of 310 Twelfth Avenue South at regular times of day on several occasions,

---

1. The parties will be denominated as in the lower court. Defendant Phillips died before this hearing and his case will not be discussed.

that he drove to the premises at regular times during the day, that defendant Merritt was seen twice in the same vicinity, that defendants Merritt and Phillips had met on one occasion at which a small package was passed, and that the activity at the premises was that normally carried on in the numbers business. 310 Twelfth Avenue South was the address of an abandoned grocery building in which there were no grocery displays and in which the only activity was the resort to the building by defendants at the two regular times of day normally used for checking wagers and profits in the numbers business. There being no evidence of a legitimate use of the premises, the Commissioner had probable cause to believe that a numbers operation was being carried on. United States v. Bell, D.C., 126 F.Supp. 612, 615. The pattern of defendants' activities conformed to the known activities of persons in the numbers business and this was one of the circumstances rightly considered.

In Worthington v. United States, 6 Cir., 166 F.2d 557, relied on by appellants, no search warrant had been issued and there was no proof of surveillance such as was conducted in this case. The evidence relied on to establish probable cause was hearsay, hence the decision is not controlling here. Since the instant search was authorized, the motions to suppress were properly denied.

■ On entrance of the officers defendants were found with paraphernalia used in the numbers business, namely, tickets which had been used in lotteries during the five days preceding the day of the raid, numbers tickets being processed at the time of the raid, a quantity of unused numbers books containing numbers tickets, and copies thereof prenumbered for matching purposes and designed for the operation of a numbers lottery. The paraphernalia was property used and intended for use as the means of committing a criminal offense and was covered by Federal Rules of Criminal Procedure, rule 41(b)(2), 18 U.S.C.

■ It was testified that a record of issuance of tax stamps and, conversely, of nonpayment of the tax, was kept in the files of the Intelligence Division of the Internal Revenue Department, whose agent testified that there was no record of the issuance of a wagering stamp within the county during this period. The fact that another office was custodian of the record is immaterial.

■ Defendants further contend that within the decision of United States v. Calamaro, 354 U.S. 351, 77 S.Ct. 1138, 1 L.Ed.2d 1394, none of the living defendants could be found guilty under the charges involved because they were merely pickup men who collected records of wagers from the wager writer and delivered them to the banker. If this contention is correct, the judgments as to defendants Merritt, Myers, Spencer and Thronberry must be reversed. However, the contention is not supported by the record. Merritt accepted bets and was paid commissions. She was a writer. United States v. Calamaro, supra, 354 U.S. 353, 77 S.Ct. 1140. She had a "proprietary interest" in the enterprise. Also in the motions to suppress the evidence each of the other defendants claimed as his own property seized, which was being used in the illegal operation. Spencer claimed an interest in the air conditioner, the adding machine used to count the numbers profits, and $300 contained in bag. Similar claims as to the adding machine, air conditioner and cash "contained in bag" were made by Thronberry and Myers. Thronberry claimed $1,750 in cash as well as $300 "contained in bag." Myers said that he was treasurer of the operation.

If defendants owned any part of this property they were partners in the enterprise rather than mere pickup men.

The judgment of the District Court is affirmed.