UNITED STATES of America,
Plaintiff-Appellee,

v.

Billy Gilbert NICHOLSON, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Billy Gilbert NICHOLSON, Claimant of $7,198.00 in United States Money, Defendant-Appellant.

Nos. 14567 and 14807.

United States Court of Appeals
Sixth Circuit.

Decided May 24, 1962.

Harris Gilbert, Nashville, Tenn. (Ward Hudgins, Nashville, Tenn., on the brief), for appellant.

Kenneth Harwell, U. S. Atty., Carroll D. Kilgore, Asst. U. S. Atty., Nashville, Tenn., on the brief, for appellee.

Before MILLER, Chief Judge, WEICK, Circuit Judge, and STARR, Senior District Judge.

SHACKELFORD MILLER, JR., Chief Judge.

Appellant was proceeded against in the District Court by criminal information which charged in the first count that being a person engaged in the business of accepting wagers, he did wilfully fail and refuse to register, contrary to the provisions of Sections 4411 and 4412, Internal Revenue Code of 1954, 26 U.S.C.A. §§ 4411, 4412, and which charged in the second count that being so engaged he failed and refused to pay

the special occupational tax imposed by Section 4411, contrary to the provisions of Section 7262, Internal Revenue Code of 1954, 26 U.S.C.A. § 7262. He was found guilty by a jury under both counts of the information.

The Government also filed a libel in the same court seeking the forfeiture of $7,198.00 in money, alleging that said money was possessed by the appellant and intended for use by him while carrying on the business of receiving wagers without having paid the special taxes imposed by Section 4411, Internal Revenue Code of 1954. It was agreed that the District Judge could consider the evidence introduced in the criminal case in deciding the libel case. The District Judge found in favor of the Government on the libel cause.

The appeals in the two cases were heard together in this Court.

Appellant's main contention is that the District Judge erred in refusing to grant his motion to supress certain evidence on the ground that the affidavits upon which the search warrant was issued were not sufficient to justify the issuance of the warrant, and that the District Judge erred in denying his motion for judgment of acquittal.

The affidavits, executed by two special agents of the Internal Revenue Service, stated that appellant was residing at premises of his mother-in-law, described as 2806 Westwood Avenue, Nashville, Tennessee, that he was a known gambler and bookmaker in the Nashville area, that his mother-in-law was the subscriber to one telephone in the premises, that two additional telephones in the premises were subscribed to in the name of Robert Walker, which name was an alias sometimes used by appellant, that a known bookmaking operator in New Orleans, Louisiana, had made numerous long distance telephone calls to one of the numbers listed in the name of Robert Walker, that from January 1, 1960, to April 15, 1960, approximately 293 long distance calls were charged to the two Robert Walker numbers, that many of these calls were made to phones which were subscribed to and used by persons who were known gamblers and bookmakers in Birmingham, Alabama, and Biloxi, Mississippi, that numerous long distance calls were made to these two numbers from phones in other cities listed in the names of known gamblers and bookmakers in Clarkson, Georgia, Philadelphia, Pennsylvania, and Jacksonville, Florida, and that such long distance phone call activity was a characteristic of the bookmaking operation. The Commissioner was of the opinion that there was probable cause to believe that certain property, which was being used in violation of Sections 4411, 4412 and 7203 of the Internal Revenue Code of 1954 was being concealed in the described premises and issued the search warrant, in the execution of which property was found, which was later used in the trial under the two counts of the information.

In support of his contention that the facts stated in the affidavits did not constitute probable cause, appellant relies largely upon what the affidavits do not state, rather than an analysis of what they do state. He points out that the agents had no information that appellant was conducting a bookmaking operation at the described premises, that they had no information that appellant had accepted a wager in the five years preceding the raid, that there was no evidence that appellant had ever been convicted for gambling activities, and that there was no evidence of people going in or coming out of the premises or of any suspicious activity about the premises.

The absence of such facts was a matter which was properly for the consideration of the jury in the trial on the merits. But there is a difference in what is required to show probable cause for an arrest or search and what is required to prove guilt in a criminal case. Probable cause sufficient for the issuance of a search warrant deals with probabilities. Conviction in a criminal case requires proof beyond a reasonable doubt. Brinegar v. United States, 338 U.S. 160,

**332**

174–175, 69 S.Ct. 1302, 93 L.Ed. 1879. The absence of facts which might cause the jury to have a reasonable doubt of a defendant's guilt does not mean that the facts which are stated are not sufficient to constitute probable cause for the execution of a search warrant. Probable cause may exist even though in the execution of the warrant nothing is found. United States v. Eisner, 297 F.2d 595, 597, C.A.6th.

▮ Probable cause exists where the facts and circumstances within the officer's knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. Brinegar v. United States, supra, 338 U.S. 175–176, 69 S.Ct. 1302; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. Whether probable cause exists requires an act of judgment formed in the light of the particular situation and with account taken of all the circumstances. Because many situations are more or less ambiguous, a determination that probable cause exists should be accepted by this Court unless it is shown that the Commissioner's judgment was arbitrarily exercised. Brinegar v. United States, supra, 338 U.S. 176, 69 S.Ct. 1302; Merritt v. United States, 249 F.2d 19, 20, C.A.6th. We are of the opinion that the search warrant was legally issued and that the motion to suppress the evidence was properly overruled. United States v. Schwartz, 151 F.Supp. 399, W.D.Pa.

▮ In the trial on the merits, the appellant's defense was that he was not a bookmaker but was a gambler who made his living by betting on his own behalf on various sporting events throughout the country. In addition to evidence about the two telephones and the long distance calls between appellant and gamblers who possessed occupational wagering stamps, the Government introduced in evidence various articles found in the search of the premises, including a piece of charred paper with initials and numbers on the remains, some twenty sheets of flash paper, which was paper chemically treated so as to be totally consumed by fire almost instantaneously, a wall blackboard, three boxes of white chalk, a box containing some 900 calling cards with "Call Bill or Herb" written on them with the two telephone numbers on the back sides, cash in the amount of $6,498.00 from appellant's pocket and in the additional amount of $700.00 in a small locked safe, and several sports publications of some of which there were 25 copies. There was also evidence that some paper was smouldering as the agents entered the room, and that the two telephone numbers were unlisted numbers. Although appellant claimed to be a gambler on his own behalf, he had not so stated his occupation on his Federal Income Tax returns and he did not make such a claim at the time of his arrest. It is not a federal offense to make bets on your own behalf. In explanation of the two unlisted telephones he answered the question "Did it require you to have two telephones just to carry on the regular betting business?" by saying "Well, I would say that it wouldn't hurt you any to have two" with the later explanation "Two's almost as cheap as one. There's not much difference." He later admitted that it cost him twice as much for two phones as it did for one, but that "you get double the use out of them."

▮ Although the evidence of appellant's guilt was entirely circumstantial, we are of the opinion that it was sufficient to take the case to the jury and to support the verdict. United States v. Comer, 288 F.2d 174, 175, C.A.6th; United States v. Baxter, 289 F.2d 487, C.A.6th; United States v. Leggett and Eleveld, 292 F.2d 423, 426–427, C.A.6th; Holland v. United States, 348 U.S. 121, 139–140, 75 S.Ct. 127, 99 L.Ed. 150.

We have considered other questions raised by appellant but are of the opinion in accordance with the views expressed by the District Judge in overruling appellant's motion for a new trial, that no prejudicial error was committed.

The judgment is affirmed in each case.