**UNITED STATES of America**

v.

**Dale Louis JORDAN et al.**

**Cr. No. 3927.**

United States District Court
S. D. Illinois, N. D.
March 29, 1963.

Edward R. Phelps, U. S. Atty., Springfield, Ill., for the Government.

James D. Reynolds, Peoria, Ill., for defendants William Oral and Phyllis Jean Whitlow.

MERCER, Chief Judge.

Defendants, William Oral Whitlow and Phyllis Jean Whitlow, filed their petition for the return of certain moneys and articles of personal property which they allege to have been illegally seized from their residence. They contend that the search which led to the seizures of which complaint is made was illegal for the reason that the affidavit supporting the issuance of the search warrant upon the authority of which the search was made was based upon hearsay evidence, and that there was, therefore, no proof of probable cause for the issuance of the warrant.

The Fourth Amendment to the Constitution of the United States provides that no search warrant shall be issued except upon a showing of probable cause for the issuance thereof, which shall be supported by oath or affirmation. These defendants invoke the familiar principle that evidence seized in violation of that Amendment will be suppressed upon a timely motion for suppression.

■ The existence or non-existence of probable cause for the issuance of a search warrant in a particular case is a question of fact for the judicial officer to whom the application for a search warrant is made, United States v. Nicholson, 6 Cir., 303 F.2d 330, and it has been said that a court should not overrule a United States Commissioner upon his finding that probable cause for issuance of a search warrant did exist unless the court shall find, upon the circumstances of the particular case, that the Commissioner's finding was arbitrarily made and not supported by the evidence which had been submitted to him. Evans v. United States, 6 Cir., 242 F.2d 534, 536, cert. denied 353 U.S. 976, 77 S.Ct. 1059, 1 L. Ed.2d 1137; United States v. Nicholson, supra.

■■ An affidavit based upon hearsay evidence will support a finding of probable cause for the issuance of a search warrant if the affidavit contains facts sufficient to show that the agent who makes the affidavit has reasonable cause for believing that the hearsay evidence is true. Jones v. United States, 362 U.S. 257, 269, 80 S.Ct. 725, 4 L.Ed. 2d 697; United States v. McCormick, 7 Cir., 309 F.2d 367; cf., United States v. McKay, 7 Cir., 283 F.2d 399, cert. denied 365 U.S. 813, 81 S.Ct. 695, 5 L.Ed.2d 693. Corroboration of the hearsay may be found from the fact that the agent has dealt with the particular informer in the past and has found his reports reliable. United States v. Jones, supra. In McCormick, for example, the court found no difficulty in sustaining the issuance of a search warrant upon hearsay alone, for the reason that the hearsay which formed the basis for the supporting affidavit of an F.B.I. agent was reports received by him from other F.B.I. agents stationed at Chicago and Hagerstown, Maryland. Sufficient corroboration of hearsay has also been found when the veracity of the hearsay report upon which the agent relied is supported by facts within the agent's personal knowledge or by the agent's observations of the suspected person or place to be searched. E. g., Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; United States v. Li

Fat Tong, 2 Cir., 152 F.2d 650; Jackson v. United States, 112 U.S.App.D.C. 260, 302 F.2d 194; Jones v. United States, 106 U.S.App.D.C. 228, 271 F.2d 494, cert. denied 362 U.S. 944, 80 S.Ct. 809, 4 L.Ed.2d 771; United States v. Joseph, 3 Cir., 278 F.2d 504, cert. denied 364 U.S. 823, 81 S.Ct. 59, 5 L.Ed.2d 52; United States v. Irby, 4 Cir., 304 F.2d 280; Monnette v. United States, 5 Cir., 299 F.2d 847; United States v. Nicholson, 6 Cir., 303 F.2d 330; United States v. Woodson, 6 Cir., 303 F.2d 49; Rodgers v. United States, 9 Cir., 267 F.2d 79. Compare, Castillon v. United States, 9 Cir., 298 F.2d 256, and Wong Sun v. United States, 9 Cir., 288 F.2d 366.

The search warrant challenged by these defendants was issued by a United States Commissioner on September 1, 1962, upon the affidavit of Postal Inspector Donald L. Semlow. In that affidavit, Mr. Semlow stated, *inter alia:* (a). that the articles of personal property therein described had been stolen from the United States mails on or about August 25, 1962; (b). that he, Semlow, had an affidavit signed by the defendant, Jordan, in which Jordan admitted his participation in the mail theft and identified the defendant, O'Dell as an accomplice in that crime; and (c). that he, Semlow, had an affidavit signed by one Thelma Joyce Harris in which Harris stated that O'Dell had shown her a large sum of money taken from the mail shipment and had told her that the defendants, Mr. and Mrs. Whitlow, had received a big diamond ring and money for their part of the theft proceeds.

The issue presented upon defendants' petition is the question whether that affidavit was sufficient to support the Commissioner's finding that probable cause did exist for issuance of this warrant. I hold that the affidavit is sufficient.

An analysis of the reported cases indicates that the courts have been concerned not with the use of hearsay evidence alone, but with the office which the use of the hearsay must serve in the particular case. The above cited cases, among others, have dealt with the situation in which the attesting officer had relied upon hearsay for his belief (a) that a crime had been or was being committed, and (b) that a particular person had committed that crime, or that evidence of crime might be found on particular premises. It is in that context that most courts have insisted that there be some corroboration of the hearsay report before probable cause for an arrest or search is shown.

The concern of the courts in that regard is illustrated by a comparison of Rodgers v. United States, supra, with Castillon v. United States, supra, and Wong Sun v. United States, supra. Each of those decisions by the same court involved the seizure of narcotics. In each, the information that a crime was being committed by the particular defendant came from an informer. In each, an arrest was made upon the basis of that information, and the narcotics was seized as an incident to the arrest. The legality of the seizure was sustained in Rodgers, but denied in both Castillon and Wong Sun. Why? Because, the court said, in Castillon and Wong Sun it was not reasonable for narcotics agents to believe that a crime was being committed solely upon the uncorroborated statement of an informer. By contrast, in Rodgers, the agents had no better reason than the agents had had in Castillon and Wong Sun to believe the informer, but the agents had, prior to making the arrest and search, observed facts and conduct of Rodgers which had a tendency to corroborate the informer's statement that she was, in fact, committing a crime.

Jackson v. United States, supra, involved a search incident to an arrest. Among other factors cited by the court as showing corroboration of an informer's report, and, therefore, probable cause for the arrest, was the arresting officers' prior knowledge that a crime had, in fact, been committed. The only office which the hearsay served was the implication of the defendant as the criminal agent responsible for that known offense.

In this case, Semlow had independent knowledge that the crime of mail theft had been committed and that the stolen mail matter remained in the hands of the thieves or other persons when his affidavit was made. Hearsay evidence doesn't enter into that phase of the case at all. His reliance upon hearsay evidence was limited to the identification of the Whitlow's as persons having possession of articles of mail matter known by him to have been stolen. Under the circumstances, I hold that he did have reasonable ground to believe that these defendants had possession of the stolen property described in this warrant, and that the statements of Jordan and Harris, coupled with his knowledge that the criminal offense had, in fact, been committed

by someone, was sufficient to show probable cause for issuance of this warrant.

Defendants' motion is based upon the further ground that the property seized was not the property described in the warrant. There remains, in this connection, issues related only to the seizure of money and one Samsonite suitcase.[1]

The search warrant described, among other property, "part or all of $20,000 in currency consisting of $1, $5, $10, $20, and $100 bills of which the ten $100 bills have serial numbers of G-08665291-A through G-08665300-A, inclusive." [2]

Upon a search of the premises described in the warrant, the Marshal seized $2,942.00 in currency, bonds having a principal value in the aggregate of $21,000.00 and other property.[3] There is no

---

1. The diamond ring, the jewel box and the photographs mentioned in the motion as having been seized by the Marshal have been returned to defendants. Two pistols, two handcuffs and a watch alleged in the motion to have been seized were not seized by federal officers and are not in the possession of the United States of America.

2. The property described in the search warrant is the following: One or more twenty dollar First National Bank of Chicago Travelers Checks, bearing serial numbers KM-551300 through KM-552099; part or all of $20,000 in currency consisting of $1, $5, $10, $20, and $100 bills of which the ten $100 bills have the serial numbers of G-08665291-A through G-08665300-A, inclusive; $1,000 bond of Illinois Toll Highway, issued to bearer and is negotiable, serial No. 279323, due date 1-1-95, interest coupons attached, first coupon due 1-1-63; $20,000 in bonds of Diocese of Buffalo, N. Y., all of $1,000 denomination, all issued to bearer and are negotiable, serial Nos. 1176 through 1195, inclusive, due date of bond is 5-1-72, interest coupons attached, first coupon due 2-4-63; a ladies diamond engagement ring, with only one diamond, 103 points, held by four prongs, plain white gold mounting, size 6 or 6½; and a ladies diamond ring with one large diamond, brown color, about three carats, remounted in white gold or platinum, two small "bumps" on either side of diamond, otherwise plain without engravings.

3. Inventory of property seized by U. S. Marshal during execution of a Federal search warrant at the residence of William O. (Bill) Whitlow on 9-1-62.

---

| | |
|---|---|
| $50. in fives | Taken from red lined |
| $10. in tens | jewel box on dresser |
| $40. in twentys | in bedroom. |

| | |
|---|---|
| $200. in hundreds | Taken from Samsonite |
| $800. in tens | bag at end of dresser |
| $800. in tens | in bedroom. |

Taken from envelopes in middle drawer of dresser corner piece in bedroom. Envelope notations and amount below:

| | |
|---|---|
| $30. in tens | Cilco payment. |
| $80. in tens | Truck and two notes. |
| $160. in tens | Furnace balance. |
| $220. in tens | Stinnett windows. |
| $310. in tens | Bank note. |
| $130. in tens | Perry taxes. |
| $112. in tens and two ones | Bank-car and piano. |

---

One $1,000. Illinois State Toll Highway Commission Bond, Ser. No. 279323.

Twenty $1,000. Direct obligation serial notes of the Diocese of Buffalo, New York. Serial Nos. M1176 to M1195, inclusive.

Above bonds wrapped in copy of Peoria Journal Star dated Aug. 23, 1962. Taken from bottom drawer of three drawer night stand in bedroom.

suggestion that the bonds are not those described in the warrant, and this phase of the motion does not concern them.

The currency consisted of two $100.00 bills, two $1.00 bills, two $20.00 bills, ten $5.00 bills and two hundred sixty-five $10.00 bills. All of that currency was concealed in the bedroom of defendants' home. One hundred dollars of that aggregate amount was taken from a jewel box on a dresser, $1,800.00, including the two $100.00 bills, was taken from a Samsonite travel bag and the balance of $1,042.00 was taken from seven envelopes in a dresser drawer.

 In my opinion, no distinction need be made between those various sums based upon the several places of concealment. The warrant described an aggregate sum of money of an amount greater than the amount seized which was comprised of bills of the denominations seized. There was an adequate description in the warrant to justify the seizure of all except the two $100.00 bills.

It is clear that the two $100.00 bills are not described in the search warrant. The warrant specifies ten $100.00 bills bearing serial numbers G-08665291-A through G-08665300-A, inclusive. Defendants allege, and the government concedes the fact to be, that the two $100.00 bills seized bear serial numbers L-05351642-A and H-02446472-A, respectively. Thus, those two bills are, by specific description not included as objects of the search for which this warrant issued and defendants are entitled to have them returned.

The Samsonite bag was properly seized, although not described in the warrant, because of its potential evidentiary value as the receptacle of concealment of

a part of the seized moneys. Cf., United States v. Howard, D.Md., 138 F.Supp. 376.

In accordance with the views hereinabove expressed, it is ordered that the United States return to the defendants, William Oral Whitlow and Phyllis Jean Whitlow, the two $100.00 bills bearing serial numbers L-05351642-A and H-02446472-A, respectively, and that the motion of those defendants for the return of personal property is in all other respects denied. It is further ordered that the motion of defendants to suppress evidence is denied.

Samsonite travel bag which contained certain currency described above.

One diamond engagement ring. Center stone about ½ carat with two side mountings about .15 points each. Taken from container in Kitchen.

I or We swear or affirm that the foregoing is a true and correct inventory of cash, securities, etc. found at the home of Mr. and Mrs. William O. Whitlow, 111 Ronald Road, East Peoria, Illinois, on Sept. 1, 1962.

Portion of copy of Peoria Journal Star (newspaper) dated Aug. 23, 1962. Copy of Chicago Sun-Times (newspaper) dated Aug. 24, 1962. Copy of Peoria Journal Star (newspaper) dated Dec. 15, 1961.