**UNITED STATES of America**

v.

**Donald Leroy PLEMMONS.**

**Cr. No. 6727.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Nov. 1, 1963.

John H. Reddy, U. S. Atty., Chattanooga, Tenn., for plaintiff.

John F. Dugger, Morristown, Tenn., for defendant.

NEESE, District Judge.

The defendant Donald Leroy Plemmons waived his right to a trial by jury and the right to request any special findings of fact under Rule 23(c), Federal Rules of Criminal Procedure, and was tried by the Court on a charge of violating the federal internal revenue laws relating to tax-unpaid whiskey. He moved to suppress the evidence, on which any conviction herein must rest, on the ground that the warrant on the authority of which the search herein was made was void, Rule 41(e), (2) and (5), Federal Rules of Criminal Procedure. The Court entertained the motion as a part of the trial on the merits of the action on October 28, 1963.

Earlier this year several investigators of the Alcohol and Tobacco Tax Division of the Internal Revenue Service, federal Treasury Department, and one state ATU officer, were inquiring into activi-

ties suspected to be violative of liquor laws in the Chavis section of Cocke County, Tennessee. On May 17, 1963, investigator John L. Lawhorn was conducting a surveillance " * * * on a hill about 100 feet from the John Doe residence and at this time * * * smelled the odor of mash * * * ", with which he was familiar. Five days afterward, Mr. Lawhorn was advised, by means of radio, by another investigator on his staff " * * * that a distillery *was being* operated in the residence of John Doe. * * * " (Emphasis supplied.) Mr. Lawhorn made an affidavit setting forth his aforesaid personal observation as well as the aforementioned report he had received from his said investigator, on the basis of which a United States commissioner issued a warrant authorizing the officers to search the John Doe residence.

After service of the warrant on the defendant at 10:15 p. m., May 22, 1963, a search resulted in the discovery of contraband sufficient to require the Court's conclusion beyond a reasonable doubt that the defendant Plemmons was guilty as charged, provided the search involved was lawful. Following his arrest, the defendant told the officers that he had been imported from Cleveland, Ohio to operate the distillery and that no one else was present at the distillery with him.

The gist of the defendant's objection to the search warrant is that the supporting affidavit of Mr. Lawhorn is insufficient to authorize a search except in daytime, Rule 41(c), supra; whereas, this warrant was executed after daylight hours. It is contended that the positive observation of Mr. Lawhorn is inadequate for such purposes, and that the hearsay statements contained in his affidavit executed before the commissioner could not have been a proper basis for the issuance of the warrant. This objection is not well grounded, and the motion hereby is overruled.

■ The affiant had received information from another person, assisting

him with the investigation, that, on the date the warrant was served and the search made, the property later confiscated was " * * * in the place to be searched * * * " and in his affidavit the affiant was positive as to such fact. This qualified the commissioner to direct in the warrant that the warrant might be served at any time.

■ " * * * (H)earsay alone does not render an affidavit insufficient, * * * " and the commissioner was not obliged " * * * [to] have required the informants or their affidavits to be produced, * * * so long as there was a substantial basis for crediting the hearsay." Jones v. United States (1960), 362 U.S. 257, 80 S.Ct. 725, 4 L. Ed.2d 697, 708 (headnote 13). The sufficiency of an officer's affidavit in support of a search warrant in situations such as that presented here is grounded on the same principle as is testing of the sufficiency of probable cause for an officer's action without a warrant; and, it is held that the officer may rely on information received through an informant, rather than on his direct observations, so long as the informant's statements are reasonably corroborated by other matters within the officer's knowledge. Draper v. United States (1959), 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, cited in Jones v. United States, supra.

In the case under consideration, the ATTD investigator had knowledge that mash was present somewhere in the immediate area of the John Doe residence which was under suspicion. This knowledge was reasonably corroborative of the positive facts reported to Mr. Lawhorn by one of the investigators under his charge, who was also inquiring into the suspected law violation within the John Doe residence, which latter facts agreed with Mr. Lawhorn's earlier observations. Thus, under those circumstances, Mr. Lawhorn was justified in relying on the information he received from his fellow investigator; and his affidavit justified the commissioner's is-

suance of the search warrant herein and its service in the nighttime by the officers.

Accordingly, the Court finds the defendant guilty as charged in all five counts of the indictment herein. The probation officers of this court hereby are ORDERED to conduct a presentence investigation of the defendant, pending their report on which the defendant is released on his present bond.