UNITED STATES of America, Plaintiff-Appellee,

v.

Donald Leroy PLEMMONS, Defendant-Appellant.

No. 15726.

United States Court of Appeals
Sixth Circuit.

Sept. 30, 1964.

---

William K. Hoskins, Cincinnati, Ohio (Court appointed), for appellant.

William E. Bowman, Asst. U. S. Atty., Knoxville, Tenn., for appellee.

John H. Reddy, U. S. Atty., Knoxville, Tenn., on the brief.

Before PHILLIPS and EDWARDS, Circuit Judges, and FOX, District Judge.

HARRY PHILLIPS, Circuit Judge.

The single question presented on this appeal is the sufficiency of the affidavit upon which a "John Doe" nighttime search warrant was issued in a moonshine liquor case. Defendant waived trial by jury. The District Judge found him guilty of all five counts of an indictment charging violations of a number of provisions of the Internal Revenue Code, sentenced him to one year on the third count, suspended sentence on the remaining four counts and placed defendant on probation for a period of three years, the period of probation to be consecutive with the term of imprisonment imposed under the third count. The District Court overruled defendant's timely motion to suppress the evidence, made pursuant to Rule 41(e) (2) and (5) of the Federal Rules of Criminal Procedure, challenging the sufficiency of the evidence upon which the Commissioner issued the search warrant. Reference is made to the opinion of the District Court for a more detailed statement of facts. 222 F. Supp. 853 (E.D.Tenn.).

The validity of the search warrant is attacked on the ground that the evidence before the Commissioner was insufficient to establish "probable cause" within the meaning of the Fourth Amendment, tested by the requirements for nighttime search warrants set forth in Rule 41(c) of the Federal Rules of Criminal Procedure; [1] that the affidavit was not "positive" that the distillery was upon the premises to be searched; and that a

---

1. With reference to the issuance of nighttime search warrants, Rule 41(c) provides as follows: "The warrant shall direct that it be served in the daytime, but if the affidavits are positive that the property is on the person or in the place to be searched, the warrant may direct that it be served at any time."

nighttime search warrant cannot be issued upon the basis of hearsay.

The pertinent parts of the affidavit, made by an investigator for the Alcohol and Tobacco Tax Division of the Internal Revenue Service, are set forth in the margin.[2] The Commissioner had before him in support of the issuance of the search warrant information transmitted by radio to the affiant by an identified investigator to the effect that he was in a position to see inside the described residence and that a distillery was being operated therein; and that five days earlier affiant had smelled the odor of mash while positioned on a hill about 100 feet from the residence.

■ In Dumbra v. United States, 268 U.S. 435, 45 S.Ct. 546, 69 L.Ed. 1032, the Supreme Court stated the law of probable cause relative to the issuance of search warrants as follows:

"In determining what is probable cause, we are not called upon to determine whether the offense charged has in fact been committed. We are concerned only with the question whether the affiant had reasonable grounds at the time of his affidavit and the issuance of the warrant for the belief that the law was being violated on the premises to be searched, and if the apparent facts set out in the affidavit are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is probable cause justifying the issuance of a warrant." 268 U.S. at 441, 45 S.Ct. at 549.

To like effect see Lowrey v. United States, 161 F.2d 30, 35 (C.A. 8), cert. denied 331 U.S. 849, 67 S.Ct. 1737, 91 L.Ed. 1858, rehearing denied 332 U.S. 787, 68 S.Ct. 332, 92 L.Ed. 369; United States v. Malugin, 200 F.Supp. 764, 765 (M.D.Tenn.), aff'd 296 F.2d 741 (C.A. 6). Thus, "there is a difference in what is required to show probable cause for an arrest or search and what is required to prove guilt in a criminal case. Probable cause sufficient for the issuance of a search warrant deals with probabilities. Conviction in a criminal case requires proof beyond a reasonable doubt." United States v. Nicholson, 303 F.2d 330, 331 (C.A. 6), cert. denied 371 U.S. 823, 83 S.Ct. 43, 9 L.Ed.2d 63, citing Brinegar v. United States, 338 U.S. 160, 174, 175, 69 S.Ct. 1302, 93 L.Ed. 1879.

■■ The existence of probable cause depends upon the facts and circumstances of each case. For this reason "many situations are more or less ambiguous, [and] a determination that probable cause exists should be accepted by this Court unless it is shown that the Commissioner's judgment was arbitrarily exercised." United States v. Nicholson, supra, 303 F.2d at 332; accord, Merritt v. United States, 249 F.2d 19, 20 (C.A. 6);

2. "The undersigned being duly sworn deposes and says: That he is positive that on the premises known as John Doe Residence which is a one story, frame house covered with black tap [sic] paper and having a tin roof and having two windows on the rear of the house and two windows and one door on the right side of the house in the Chavis Section of Cocke County in the Eastern District of Tennessee and further described as follows: [Here appear detailed directions for finding house] there is now being concealed certain property, namely nontax-paid whiskey and supplies and apparatus fit and intended for use in violation the Internal Revenue Laws [Citing sections of Internal Revenue Code].

"And that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows:

"On May 22 (about 9 p.m.) 1963 I was advised by Investigator Bobby Belvin by means of a Radio that a distillery was being operated in the residence of John Doe. Investigator Belvin stated that he was on a hill behind the house and that lights were on inside the house and that he could see inside the house through the windows. On May 17, 1963, I was positioned on a hill about 100 feet from the John Doe Residence and at this time I smelled the odor of mash. I have been to many distilleries and have smelled the odor of mash many times."

Evans v. United States, 242 F.2d 534 (C.A. 6), cert. denied 353 U.S. 976, 77 S.Ct. 1059, 1 L.Ed.2d 1137. Further, in testing the sufficiency, the affidavit must be read as a whole. Lowrey v. United States, 161 F.2d 30, 33 (C.A. 8), supra. Even so "[d]ecided cases are helpful only in declaring the general rule, and are persuasive only insofar as they present similar facts." Garhart v. United States, 157 F.2d 777, 779 (C.A. 10); United States v. Ramirez, 279 F.2d 712, 714 (C.A. 2), cert. denied 364 U.S. 850, 81 S.Ct. 95, 5 L.Ed.2d 74.

■ An affidavit which sets out personal observations relating to the existence of probable cause to issue a search warrant is not insufficient by virtue of the fact that it contains observations made by another person, rather than the personal observations of the affiant, so long as "a substantial basis for crediting the hearsay is presented." Jones v. United States, 362 U.S. 257, 269, 80 S.Ct. 725, 4 L.Ed.2d 697.

The limitations upon the unbridled use of hearsay as a basis of issuance of a search warrant are well recognized. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (June 15, 1964). As said in Jones v. United States, 362 U.S. 257, 270, 271, 80 S.Ct. 725:

"In a doubtful case, when the officer does not have clearly convincing evidence of the immediate need to search, it is most important that resort be had to a warrant, so that the evidence in the possession of the police may be weighed by an independent judicial officer, whose decision, not that of the police, may govern whether liberty or privacy is to be invaded.

"We conclude therefore that hearsay may be the basis for a warrant. * * * But there was substantial basis for him to conclude that narcotics were probably present in the apartment, and that is sufficient."

■ Nothing in Jones v. United States forbids the use of hearsay as supporting evidence for the issuance of a nighttime search warrant. The record in this case discloses that the informer had direct and personal knowledge of the operation of the still on the premises to be searched; that he had contacted the affiant by radio from the scene immediately before issuance of the warrant, and had disclosed his observations in detail; and that the informant was an "investigator," the same title used by affiant when signing the affidavit, thus justifying the inference that the informant was a government agent. Where the hearsay evidence has been personally observed by federal officers and communicated directly to the affiant, this may constitute a substantial basis for crediting the hearsay.

In United States v. Tolomeo, 52 F. Supp. 737, 738 (W.D.Pa.), the court held that a night search warrant can be authorized upon an affidavit made upon information and belief. "If personal knowledge of the affiant is required few search warrants would authorize a night search * * *. The statute does require a direct, explicit declaration in the affidavit that the property, the object of the search, is on the property to be searched."

In addition, these hearsay statements are to be considered in conjunction with facts within the personal knowledge of the affiant. The affidavit states that five days earlier affiant had smelled the odor of mash within 100 feet of the residence and set forth his qualifications to detect the odor. The Supreme Court in Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436, held that odors can be sufficient evidence to constitute probable grounds for a search. Further, a search warrant is not invalid because the facts stated in the affidavit occurred several days before the warrant was issued. Nuckols v. United States, 99 F.2d 353 (C.A.D.C.), cert. denied Floratos v. United States, 305 U.S. 626, 59 S.Ct. 89, 83 L.Ed. 401. (Involving two search warrants, one supported by an affidavit stating facts occurring eleven days before the issuance of the warrant, and the other nineteen days before.)

■ Thus, we find that the Commissioner was justified in determining the existence of probable cause for the issuance of the search warrant in the instant case.

Finally we come to a determination of whether the affidavit meets the requirement of being "positive" within the meaning of Rule 41(c). While there are few reported cases construing the word "positive" in this rule, there are cases involving statutes containing the same or similar wording.[3]

In Maynard v. United States, 57 U.S. App.D.C. 314, 23 F.2d 141, defendant objected to a search warrant, relying on 18 U.S.C.A. § 620. The Court stated:

"It is difficult to find a case where the evidence of the existence and the sale of liquor on the premises is more positive than in the instant case. It had been bought on the premises the day the search warrant was issued, and the day the search was made. The affidavit of the officer, George F. Breen, in support of the search warrant, is positive, and not on information and belief, and the affidavits in support of the information are positive as to the facts upon which the information is based." 23 F.2d 144.

Similar objections were made in Jacobs v. United States, 58 App.D.C. 62, 24 F.2d 890; United States v. Barbini, 26 F.2d 237 (N.D.Calif.); United States v. Ghiorsi, 31 F.2d 440 (N.D.Calif.). In each case an affidavit was upheld which recited the fact of a single previous purchase in support to a positive averment that liquor was present on the premises to be searched at night.

Construing the present Rule 41(c) regarding the requirements for a nighttime search warrant, in United States v. Daniels, 10 F.R.D. 225 (D.N.J.) the Court said:

"It is our opinion that the rule requires nothing more than an explicit statement, supported by positive evidence, as distinguished from negative evidence, 'that the property is in the place to be searched.' The explicit statement may not rest upon inferences drawn from the absence of evidence. The rule requires averments of fact sufficiently persuasive to support a reasonable inference that the property is in fact on the premises. A more rigid construction would require proof beyond a reasonable doubt that the property is in the place to be searched. Such a construction would enable the criminal to completely conceal an illegal enterprise behind an insurmountable barrier, provided, of course, he pursued it only at night." 10 F.R.D. at 228.

■ We hold that the affidavit in this case meets the Rule 41(c) test of positiveness for issuance of nighttime search warrants.

The decision of the District Court is affirmed.

---

3. A note to Rule 41(c) states that "This rule is a restatement of existing law, 18 U.S.C.A. former §§ 613–616, 620; Dumbra v. United States, 45 S.Ct. 546, 268 U.S. 435, 69 L.Ed. 1032." Section 620 was as follows: "The judge or commissioner must insert a direction in the warrant that it be served in the day-time, unless the affidavits are positive that the property is on the person or in the place to be searched, in which case he may insert a direction that it be served at any time of the day or night." Section 25 of Title 2 of the National Prohibition Act (27 U.S.C.A. § 39) contained similar wording.