**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Eddie Earl ARMS, Defendant-Appellant.**

**No. 18243.**

United States Court of Appeals
Sixth Circuit.

April 5, 1968.

Dale Quillen, Nashville, Tenn., John F. Dugger, Morristown, Tenn., on brief, for appellant.

John H. Cary, Asst. U. S. Atty., Knoxville, Tenn., J. H. Reddy, U. S. Atty., Knoxville, Tenn., on brief, for appellee.

Before O'SULLIVAN and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This is an appeal from conviction of possession of non-taxpaid whiskey. The

only question presented is whether the affidavit for the search warrant which was authorized to be and was in fact executed at night was "positive that the property was in the place to be searched." [1]

The pertinent part of the affidavit, made by a special investigator for the Alcohol and Tobacco Tax Division of the Internal Revenue Service, is as follows:

The undersigned being duly sworn deposes and says: That he (is positive) that (on the premises known as) the Eddie Earl Arms residence in the Bybee section of Cocke County, being a white frame house and located by beginning at the Bybee Post Office drive on Tennessee Highway 160 in a Easterly direction 8/10 of one mile to a gravel road on the left and/or North side of Tennessee Highway 160, turn left and proceed 9/10 of one mile to the residence of Arms, in the Eastern District of Tennessee, there is now being concealed certain property, namely distilled spirits on which the tax has not been paid according to law, which are fit and intended for use in violation of Sections 5604(a) (1), Title 26, U.S.C.

And that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows:

On January 6, 1967, I was observing an illicit distillery in the Gum Springs Section of Cocke County, Tennessee, used in connection with this distillery was a 1957 DeSota [sic] car. On January 18, 1967, I received a radio message from Special Investigator Douglas L. Altizer that this same 1957 DeSota was being loaded with non-tax-paid whiskey at the distillery at 5:15 p. m. At 5:30 p. m., the 1957 DeSota came to the residence of Eddie Earl Arms and I observed heavy cardboard cartons being carried from the car into the residence of Arms.

The contention that the affiant's knowledge must be personal has been answered in this circuit in United States v. Plemmons, 336 F.2d 731 (1964) where the sufficiency of an affidavit for a night search was upheld even though it contained hearsay from an identified investigator.

Rule 41(c) does not require the magistrate to find positively that the property is in the place to be searched, but that the affidavit discloses sufficient facts to warrant the affiant in asserting a positive belief. Such facts are to be contrasted with the lesser quantum sufficient only to support a belief that the property probably is to be found in the premises for which a search warrant is sought.[2] See United States v. Daniels, 10 F.R.D. 225 (D.C.N.J.1950).

An analysis of the special investigator's affidavit demonstrates an abundant basis for his positive belief, although the facts set forth do not exclude the possibility that the cardboard cartons might have contained something other than non-taxpaid whiskey. Certainly the facts created a stronger probability that the cartons contained liquor and the af-

---

1. With reference to the issuance of night-time search warrants, Rule 41(c) of the Federal Rules of Criminal Procedure provides as follows: "The warrant shall direct that it be served in the day-time, but if the affidavits are positive that the property is on the person or in the place to be searched, the warrant may direct that it be served at any time."

2. The difficulty in determining whether an affidavit is of sufficient force is similar to that presented by the necessity of deciding whether evidence is sufficient to justify a jury verdict by clear and convincing evidence rather than by a pre-ponderance. Judge Learned Hand, writing on a related question in United States v. Feinberg, 140 F.2d 592, 154 A.L.R. 272 (2d Cir. 1944), stated, "Evidence upon an issue which merely preponderates is indeed different from evidence which excludes all doubt * * *." and "While at times it may be practical to deal with [evidence which should satisfy reasonable men, and the evidence which should satisfy reasonable men beyond a reasonable doubt] as separate without unreal refinements, in the long run the line between them is too thin for day to day use."

fiants asserted positive belief was not unreasonable.

The determination of the commissioner should be accepted unless it shows that his judgment was arbitrarily exercised. United States v. Nicholson, 303 F.2d 330 (6th Cir. 1962), cert. den., 371 U.S. 823, 83 S.Ct. 43, 9 L.Ed.2d 63 (1962). The District Court upheld his exercise of judgment. We agree.

Affirmed.