**UNITED STATES of America,
Plaintiff,**

v.

**Horace SARTIN, Defendant.**

**Crim. A. No. 7005.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

June 12, 1968.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

John F. Dugger, Morristown, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant Mr. Sartin was indicted on charges that he possessed, controlled and had in his custody an unregistered distillery; that he carried on the business of a distiller of spiritous liquors without having given the required bond; that he worked in a distillery for the production of spiritous liquors, on the outside of which no sign bearing the name of the distiller and denoting the business was placed and kept as required by law; that he made and fermented mash fit for distillation and for the production of distilled spirits on premises unauthorized for such use; and that he possessed distilled spirits in unstamped containers.

Mr. Sartin entered a plea of not guilty as to each of these five counts; interposed a motion to suppress the evidence necessary for a conviction on each of these charges, claiming that there was not probable cause for the United States commissioner who issued the search warrant, under the authority of which the search which revealed such evidence was made, to believe the existence of the grounds on which the warrant was issued, Rule 41(e), Federal Rules of Criminal Procedure; and waived a jury trial in writing with the approval of the Court and the consent of the government. Rule 23(a), Federal Rules of Criminal Procedure.

It is stipulated that, as a result of this search, the officers raiding the premises of the defendant discovered sufficient evidence, if admissible, to support the conviction of the defendant on all five counts of the indictment.

The commissioner had before him at the time he issued the search warrant herein the following information in the affidavit of Mr. Steve B. Whitlow, special investigator-in-charge of the office at Greeneville, Tennessee of the alcohol and tobacco tax division, Internal Revenue Service, federal Treasury Department:

"I have been an Investigator in the Alcohol and Tobacco Tax Division for four years. On January 5, 1968, I received information from a proven reliable informant that a still was set up in the basement of the house located on the above premises and that moonshine whiskey was being stashed in the residence house. On January 5, 1968, at about 7:45 p. m., I was at a point about 100 yards to the rear of the residence house in an open field when I detected the odor of fermenting mash coming from the direction of the residence house. I am thoroughly familiar with the smell of fermenting mash."

" * * * 'Despite earlier cases to the contrary, it is now settled that, at least in the federal courts, hearsay evidence may provide the probable cause necessary for the issuance of a search warrant where a substantial basis for crediting the hearsay is presented. * * *' 10 A.L.R.3d 364, sec. 3; Jones v. United States (1960), 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 707 (headnote 13). Here, the affidavit also included reasonable

corrobation of the hearsay information received by the [agent] in the form of another matter within the affiant's own knowledge, see Draper v. United States (1959), 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, 332 (headnote 6), i. e., the detection of the odor of alcohol evidently emanating from the defendant's [residence] by an officer qualified in such matters. ' * * * A qualified officer's detection of the smell of mash has often been held a very strong factor in determining that probable cause exists so as to allow issuance of a warrant. * * *' United States v. Ventresca (1965), 380 U.S. 102, 85 S.Ct. 741, 743, 13 L.Ed.2d 684 (headnote 5). * * *" United States v. Arms, D.C.Tenn. (1967), 270 F.Supp. 126, 129 [2]. See also United States v. Plemmons, C.A. 6th (1964) 336 F.2d 731, 734 [5], affirming D.C.Tenn. (1963), 222 F.Supp. 853.

Whether the affiant could have smelled this odor from a distance of 100 yards was a question of fact for the commissioner, as a judicial officer, to determine. United States v. Nicholson, C.A. 6th (1962), 303 F.2d 330, 332 [3], certiorari denied (1962), 371 U.S. 823, 83 S.Ct. 43, 9 L.Ed.2d 63. "* * * The determination of the commissioner should be accepted unless it shows that his judgment was arbitrarily exercised. * * *" United States v. Arms, C.A. 6th (1968) 392 F.2d 300, 302 [3], decided April 5, 1968. There is no showing here that the commissioner arbitrarily exercised his judgment.

The motion of the defendant of April 1, 1968, hereby is denied.

On the stipulated facts, the Court hereby finds the defendant Horace Sartin guilty as charged in each of the five counts of the indictment herein. He hereby is referred for presentence investigation. Rule 32(c), Federal Rules of Criminal Procedure. Conditioned on his good behavior, the defendant will stand on his present bond until ordered to report for the imposition of judgment herein.