**UNITED STATES of America, Plaintiff,**

v.

**Eldie JENKINS, Defendant.**

**Crim. A. No. 7027.**

United States District Court, E. D. Tennessee, Northeastern Division.

Feb. 5, 1969.

March 6, 1969.

---

2. S.C.Code Ann. §§ 22–101 to 22–108 (1962).

3. E. g. Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249 (1940).

John L. Bowers, Jr., U. S. Atty., W. Thomas Dillard, Edward E. Wilson, Asst. U. S. Attys., Knoxville, Tenn., for plaintiff.

Dale Quillen, Nashville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant Mr. Jenkins was indicted on a charge of possessing in the jurisdiction of this Court certain materials and apparatus, intended for use in violating the federal internal revenue laws. 26 U.S.C. § 5686(a). He entered a plea of not guilty on arraignment. Thereafter, his motion for a bill of particulars was granted. United States v. Haskins, C.A. 6th (1965), 345 F.2d 111, 114 [4].

His motion to dismiss the indictment on the ground that for him to have complied with the aforecited statute would have required him to incriminate himself in a criminal action, was denied. United States v. Grooms, et al, D.C. Tenn. (1968), criminal action no. 7041, this district and division, (as it relates to the fifth count therein). His motion to suppress the evidence produced by the search of his premises was denied on December 9, 1968, as to grounds three and five, withdrawn in open court as to ground six, and denied as to ground seven. *Idem.*

The defendant on the same date voluntarily and understandingly waived his rights to a trial hereof by jury and special findings of fact herein by the Court. On the following day, the Court received evidence on the issues of fact created by grounds one, two, and four of the defendant's motion to suppress evidence of the fruits of the search by the officers, Rule 41(e) Federal Rules of Criminal Procedure, deemed necessary to the decision on the motion and tried the charge in the indictment without a jury.

Mr. James R. Beeler; another special investigator of the alcohol and tobacco tax division of the federal Treasury department; and an agent of the Tennessee alcohol beverage commission, were, on May 20, 1968, walking through the Caney Creek section of Cocke County, Tennessee, destroying illicit distilleries and remnants thereof thus discovered. An otherwise unidentified person contacted Mr. Beeler then and there and informed him that there was concealed on May 20, 1968, nearby in the so-called old Phillips house a quantity of non-taxpaid whiskey and materials and apparatus " * * * [1] used in connection therewith * * *." Mr. Beeler had received tips as to law violations in this area previously from the same source, had found upon investigation such information to be accurate, and same earlier had set in motion procedures which resulted ultimately in the apprehension and conviction of law violators.

After receiving the aforementioned hearsay information, Mr. Beeler proceeded to the old Phillips house, which he knew to be owned by the widow of a notorious moonshiner and rented by the defendant, arriving in the vicinity about five or ten minutes after receiving this information. He departed the vehicle being utilized by the investigators on Linzy Gap road and stealthily approached by crawling and otherwise, the said residence alone through woodland. Mr. Beeler took a surveillance position in a ditchline and community trash dumping area across a semibroken-down wire fence from the driveway leading from the aforesaid road to a dead-end at the rear of the residential yard. He estimated he was some ten to fifteen yards from the front porch of the residence at that time, some 20 yards from another residence toward said road, and some 35 yards therefrom.

Mr. Beeler observed that curtains and draperies covered all the windows in the residence that he could see and a pane in one of the windows in a back room of the house was broken. He smelled the odor of non-taxpaid whiskey, with which he testified he is thoroughly familiar, and the odor of fuel oil, which is commonly used in that area in heating mash for distillation purposes, all coming from the direction of the old Phillips house.

Mr. Beeler retraced his steps whence he came from on said road, advised his co-investigators of his observations and his intentions, requested them to remain on the scene, and drove the automobile to Newport, Tennessee. There he made affidavit before a United States commissioner containing (substantially) the foregoing facts herein found. Thereupon, the commissioner, being satisfied that probable cause therefor had been shown, issued a warrant authorizing the search of the premises on which the

---

1. Mr. Jenkins is not charged herein with possession of materials used for unlawful purposes.

John Doe [sic: old Phillips] residence was located and the seizure of any non-taxpaid distilled spirits concealed therein which were fit and intended for use in violation of 26 U.S.C. § 5601(a) (7).

■ This investigator then returned to the aforementioned premises. His co-investigators[2] emerged from the rear of the barn on the premises as Mr. Beeler reapproached them. The search of the residence was conducted with no one else present. In a back room, the investigators found 65 gallons of nontaxpaid whiskey in 130 half-gallon glass containers, two empty 5-gallon oil cans, two metal funnels, one coil (about 16 to 18 feet in length and constituted of copper tubing about 1½″ in diameter), a 100-gallon open galvanized tub (some 18 to 20 inches in height and 36 inches in diameter), and two cone-shaped patches of hat-type felt.

After the search and seizure Mr. Jenkins appeared on the scene, was placed under arrest, and, on his request, was permitted to enter the house to obtain a pair of shoes. Testifying on his suppression motion only, Mr. Jenkins admitted that he resided in the old Phillips house at the time of the raid and claimed that, about 45 minutes before the raid, he saw Mr. Beeler's co-investigators seated in an automobile which was parked on his curtilage between the barn and another outbuilding.

■ Except as appears hereinafter, *infra*, there is no merit to the defendant's claim of a variance[3] between the property seized as a result of the execution of the search warrant and that authorized therein to be sought, *supra*. The affidavit on the basis of which the judicial officer issued the search warrant was sufficient to support its issuance, and the warrant herein was valid. United States v. Sartin, D.C.Tenn. (1968), 320 F.Supp 64; United States v. Arms, D.C.Tenn. (1967), 270 F.Supp. 126, 128-129 [1], 129 [2], [3, 4], affirmed C.A. 6th (1968), 392 F.2d 300; United States v. Fine, D.C.Tenn. (1968) (criminal action no. 6952, this district and division); United States v. Rollins, D.C.Tenn. (1966), 271 F.Supp. 18, 22 [2, 3]; United States v. Haskins, D.C.Tenn. (1962), 213 F.Supp. 551, 556 [5]. Neither is there merit to the claim that the issuance of the search warrant was predicated unconstitutionally upon the failure of the defendant to comply with the provisions of a statute, when such compliance would have required the defendant to unconstitutionally incriminate himself in a criminal action. United States v. Grooms, et al., *supra*.

Mr. Beeler, as an expert witness, testified that the aforementioned copper coil, metal tub and felt patches are of the respective types commonly used in the area involved for violation of the federal internal revenue laws relating to liquor, and that with abundant opportunity so to do, he had never seen these items utilized in this area for any other purpose. He stated further that the

2. Neither of these investigators was offered as a witness. Mr. Beeler testified that one was indisposed by illness, and the other was then engaged in an investigation and was not immediately available to testify.

Assuming *arguendo* that Mr. Beeler's cohorts may have trespassed upon the curtilage of the Jenkins residence, there is no evidence that either obtained thereby any evidence in support of the affidavit made for the search warrant or with which to incriminate Mr. Jenkins. Any such trespass was harmless, in so far as this prosecution is concerned. " * * * [I]t is well settled that evidence is not rendered inadmissible merely because it has been obtained in the course of a simple trespass on land. * * *" United States v. Romano, C.A. 2nd (1964), 330 F.2d 566, 569 [3], certiorari denied (1965) 380 U.S. 942, 85 S.Ct. 1020, 13 L.Ed.2d 961, rehearing denied (1965) 381 U.S. 921, 85 S.Ct. 1530, 14 L.Ed.2d 441. There is no evidence that Mr. Beeler infringed upon such curtilage at any time in obtaining personal knowledge for inclusion in his affidavit. His statements in his affidavit constituted probable cause to justify the issuance of the search warrant.

3. It was the duty of the investigators to seize as contraband any materials or apparatus intended to be used unlawfully. 26 U.S.C. §§ 5609, 5610, 5615, 7302.

aforementioned metal funnels and empty oil cans are utilized otherwise in the area.

■ The defendant's motion of October 28, 1968 to suppress evidence in the interest of justice will be enlarged to include a demand for the return of the property seized and so treated. That motion hereby is GRANTED, only to the extent of the funnels and cans, which are hereby ORDERED returned to the defendant Mr. Eldie Jenkins, as neither constituting contraband nor being described in the warrant. Rule 41(e), Federal Rules of Criminal Procedure. (The Court will not consider these improperly seized materials [4] on the issue of the guilt or innocence of the defendant.) In all else the said motion hereby is DENIED.

■ On the facts hereinabove set forth, *supra*, the Court hereby finds beyond a reasonable doubt, that the defendant, Eldie Jenkins is guilty as charged in the indictment herein. He hereby is referred for presentence investigation, Rule 32(c), Federal Rules of Criminal Procedure. Conditioned on his good behavior, he will stand on his present bond until ordered to report for the imposition of judgment herein.

## MEMORANDUM OPINION AND ORDER

After the entry of the memorandum opinion and order of February 5, 1969 herein, the defendant interposed a motion for a new trial, Rule 33, Federal Rules of Criminal Procedure. The only contention not fully covered in the Court's previous memorandum is that the search and seizure herein is invalid under Spinelli v. United States (1969), 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.

*Spinelli* is easily distinguishable from the instant situation. The FBI agent in *Spinelli* who provided his affidavit to the magistrate, offered no reason in support of his conclusion that his informant was reliable, and his affidavit did not contain a sufficient statement of the underlying circumstances from which the informer concluded that the accused was engaged in an illegal activity, there being no allegation that the informant had observed the accused in such activity, and there being no explanation, if the informant had obtained his information indirectly, that the informant's sources were reliable. Spinelli v. United States, *supra*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d pp. 643–644 [9–10]. Herein, however, the revenue agent, Mr. Beeler, revealed in his affidavit that he had received tips as to law violations in this geographical area previously from the same informant, had found upon investigation such information to be correct, and that these leads had set in motion procedures which resulted ultimately in the apprehension and conviction of law violators. In addition to his credited hearsay information, the affiant set forth his personal observations of the suspected premises, including the facts that curtains and draperies covered all of the windows in the suspected residence, that a pane in one of the windows of a back room of the house was broken, that he smelled the odor of non-taxpaid whiskey, with which he is thoroughly familiar, and the odor of fuel oil, which is commonly used in that area in heating mash for distillation purposes, coming from the direction of the suspected premises. On the bases of the authorities cited on pages 8 and 9 of this Court's memorandum opinion of February 5, 1969, this Court is of the opinion that the search and seizure involved were valid. Accordingly, the defendant's motion for a new trial hereby is

Denied.

---

4. The Court does not find beyond a reasonable doubt that the items ordered returned were intended for use in violating the federal internal revenue laws.